THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JACK RUBENSTEIN, PLAINTIFF IN ERROR.

Submitted October 14, 1927—Decided January 6, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff in error, *Feder & Rinzler* and *Sigmund Unger.*

For the defendant in error, *Archibald C. Hart* and *John J. Breslin, Jr.*

The opinion of the court was delivered by

CAMPBELL, J. This writ brings up for review a judgment of conviction of assault and battery under the trial of an indictment, charging that crime, had at the Bergen County Quarter Sessions Court.

The matter is before us upon a strict writ of error and not under section 136 of the Criminal Procedure act as counsel for plaintiff in error seems to have assumed it to be.

The state of case contains only the formal and ordinary return of the trial judge to the writ of error and does not contain the certificate of the trial judge that the proceedings transmitted by him comprise the entire record of the proceedings had upon the trial.

This court is therefore without authority to review any errors alleged except those arising upon the record itself or upon bills of exceptions duly taken. *State* v. *Webber,* 77 *N. J. L.* 580.

Consequently, we are unable to consider any of the specifications of causes for reversal.

For the same reason point one urged, being assignment nineteen, that the verdict is against the weight of the evidence cannot be considered by us.

Point two covers five assignments of errors.

The first thereof is assignment sixth: Because the court erred in permitting the witness, Hubert Le Fevre, to answer the following question over the objection of counsel for the plaintiff in error:

"Did, or did not, Rubenstein, when coming down in the elevator, say 'Neither the sheriff or the prosecutor nor any of his men can keep me in jail?' "

Although there was an objection to this question and an exception to the court's rulings in admitting it, it was not sealed. This, of course, is required, but we are overlooking this technicality.

The objection appears to be that the question reached to a subject irrelevant, immaterial and collateral to the issues in the cause.

With this we do not agree. Its relevancy was in the sense of its corroborative value with respect to the evidence of the state as to the commission of the alleged assault and battery by the plaintiff in error.

It went to the conduct of the plaintiff in error at the time of the alleged criminal act.

The next is the third assignment of error: Because the court erred in refusing to allow the plaintiff in error to answer the following question over the objection of counsel, namely—

"What was the nature of the charge?"

The objection was that it was immaterial and not the best evidence.

Without passing upon the question of its materiality or relevancy, it was nevertheless incompetent and not the best and proper evidence to establish the particular act or acts for which the plaintiff in error had been convicted as a disorderly person.

The next is the fourth assignment of error—which is that

the court erred in ruling and requiring the direct examination of the plaintiff in error to be by question and answer instead of narrative.

This requires nothing further than the statement that it was plainly a matter within the discretion and control of the trial court.

The next is the fifth assignment of error.

This is directed at an admonition of the trial judge directed at counsel for plaintiff in error that he must not incorporate the last answer of the witness in the next question to be propounded to him.

This too was a matter entirely within the hands of the trial judge for the purpose of maintaining the orderliness of the proceedings.

The third point argued is assignment seven, charging error in the charge in defining reasonable doubt as follows:

"It is a term often used, pretty well understood but not easily defined; it is not a mere possible doubt, because everything relating to human affairs depending upon moral evidence is open to some possible or imaginary doubt. It is that state of the case which after the entire comparison and consideration of the evidence leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge."

This language is quoted with approval in *Donnelly* v. *State,* 26 *N. J. L.* 601 (at *p.* 615), and again in *State* v. *Linker,* 94 *Id.* 411 (at *p.* 417). It has become in the courts of this state a standard definition of reasonable doubt.

The fourth point argued covers assignments of error 9, 10 and 11, which are as follows: 9. Because when the jury returned into court with the verdict of guilty of assault "the court informed the jury through its foreman that such verdict was not warranted by the evidence and could not stand; that the issue had been sharply drawn; that the state's evidence showed an assault and battery and that the defendant's testimony was that he neither threatened nor committed an assault and battery upon the complaining witness. There was no evidence that indicated only an assault."

10. Because the court erred in its instruction to the jury

when the jury having returned into court with the verdict
of guilty of assault "the court then charged the jury that
in its judgment under the testimony in the case the verdict
should be either guilty or not guilty of assault and battery,
as charged in the indictment and directed them to retire and
bring in a proper verdict."

11. Because the court erred when the jury having returned
into court with the verdict of guilty of assault, the court re-
fused to accept such verdict and instructed the jury that they
must find the defendant guilty or not guilty of assault and
battery and that they could not return a verdict of guilty of
assault only.

The matters set up by these assignments appear to have
been urged before the Quarter Sessions Court upon a motion
to arrest judgment.

The record of the cause as it was then, apparently, in the
office of the clerk of the court did not show any proceedings
after the retiring of the jury and its return when it delivered
a verdict of guilty of assault and battery. And so the record
returned under this writ shows. The judge before whom the
motion to arrest judgment was made saw fit, however, at
the opening of the argument, to take the following action:

"Wait, we better get that on the record, get that yellow
slip. The stenographer was not here at the time we took
that verdict. The stenographer will take this note in this case:

"The jury having returned a verdict of guilty of assault,
the court informed the jury through its foreman that such
verdict was not warranted by the evidence and could not
stand; that the issue had been sharply drawn; that the
state's evidence showed an assault and battery and that the
defendant's testimony was that he neither threatened, nor
committed an assault and battery upon the complaining
witness. There was no evidence that indicated only an
assault.

"The court inquired of the foreman whether the difference
between assault and assault and battery had been discussed
by the jury and he replied 'no;' that a ballot was taken
merely with the word 'assault' on and that he reported ac-
cordingly.

"The court then charged the jury that in its judgment under the testimony in the case the verdict should be either guilty or not guilty of assault and battery as charged in the indictment and directed them to retire and bring in a proper verdict; likewise the court, at the first return of the jury to the court room or previous to that, had directed the clerk to take the verdict, but upon a verdict of assault being brought in the matter was reported to the court and the court then came upon the bench in connection with this matter, subsequently, before retiring, the court directed that the clerk take the verdict."

These assignments of error are not properly before us under the return in the present case unless they are here under exceptions, properly taken and sealed, to a refusal to arrest judgment. Such exception was taken and sealed. But it leaves the question as to whether or not the matters made the subject of such exception were properly before the trial judge upon the motion in arrest of judgment, because judgment will not be arrested for any error except such as appears on the face of the record. *State* v. *Bove,* 98 *N. J. L.* 350, 356.

Now the record of the trial assuming it, in the absence of the certificate of the trial judge, to be correct, does not show the matters and things complained of as error in these assignments, and if that was all that appeared in the case before us we would be obliged to say that the assignments in question were not proper and brought nothing before us for review. But upon the motion in arrest of judgment the trial judge, as has been shown, added to and amended the record in this direction and heard counsel for plaintiff in error thereon and over objection and exception allowed and sealed refused to arrest judgment.

We are constrained to think and conclude that this presents much, if not the same situation as in *Corn* v. *Kaplan,* 103 *N. J. L.* 628, bringing the matter complained of before us for review.

Being brought to that conclusion we are required to find that the action of the trial court in refusing to accept the verdict of assault, charging the jury in the manner shown

and sending it back to further consider its verdict and findings was error.

Under our system of jury trials this was not permissible as a verdict of assault under an indictment for assault and battery was permissible as an assault is a necessary ingredient of the crime of assault and battery. *State* v. *Slaw,* 97 *N. J. L.* 349.

And a person indicted for a crime may be convicted of a lower degree provided such lower degree is necessarily included in the higher one charged in the indictment. *State* v. *Johnson,* 30 *N. J. L.* 185.

Whether or not the evidence would have supported the greater or higher decree of crime is beside the question.

The action of the trial judge was erroneous and for that reason the judgment under review must be reversed.

Point 5 is that David Smith, who received the verdict of the jury of guilty of assault and battery, was not then either the clerk of the court or a representative of such clerk, and when such verdict was returned by the jury said David Smith did not receive said verdict in open court, the court not being open at the time, although the judge of the court was absent when such verdict was received. This is raised by assignments 12 and 13.

Of necessity our finding must be against the contention of the plaintiff in error because there is nothing before us upon this point other than the record made by the trial judge upon the motion in arrest of judgment before referred to and quoted.

This same situation applies to points 6, 7 and 9, being assignments 14, 15, 16 and 18.

Point 8, under assignments 9 to 16, inclusive, is that the trial court erred in refusing to arrest judgment.

This has already been answered favorably to the contention of plaintiff in error under point 5.

For the reasons stated the judgment below must be reversed.