STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CALVIS LEE LANE, DEFENDANT-APPELLANT.

Argued February 5, 1968—Decided June 28, 1968.

*Mr. Leonard J. Felzenberg* argued the cause for defendant-appellant.

*Mr. James R. Zazzali,* Assistant Prosecutor of Essex County, argued the cause for plaintiff-respondent (*Mr. Joseph P. Lordi,* Prosecutor of Essex County, attorney; *Mr. Zazzali,* of counsel and on the brief).

The opinion of the Court was delivered by

SCHETTINO, J. Defendant appeals as of right under former *R. R.* 1:2–1(c) from a conviction of second degree murder.

## I

█ Defendant contends that the trial court did not adequately instruct the jury concerning the presumption of innocence. Apparently, his complaint is that the court failed to explain at length the significance of the presumption. The court did instruct the jury that the defendant was presumed to be innocent, that the burden of proving his guilt beyond a reasonable doubt rested continually upon the State, and that these rules served as an independent and final protection to the defendant. The record also shows that the court on several occasions reiterated that the prosecutor had the burden of proving the defendant guilty beyond a reasonable doubt.

We find the charge on this issue to be adequate. *State v. Hodgson,* 44 *N. J.* 151, 162 (1965); see *State v. D'Orio,* 136 *N. J. L.* 204, 208 (*E. & A.* 1947), where the court approved a similar charge. The court's instructions notified the jury of the presumption of innocence and, most importantly, clearly stated that the burden of proving guilt beyond a reasonable doubt remained upon the prosecution on all elements of the crime charged.

## II

█ Defendant also contends that the trial court's definition of "reasonable doubt" was erroneous. His narrow ground is that the words "abiding conviction to a moral certainty" were not used to explain "reasonable doubt." The trial court instead employed the following definition:

"Reasonable doubt, ladies and gentlemen, is not a mere possible or imaginary doubt, because everything relating to human affairs or depending upon oral evidence is open to some possible or imaginary

doubt. A reasonable doubt is an honest and reasonable uncertainty as to the guilt of the defendant existing in your minds after you have given a full and impartial consideration to all of the evidence. It may arise from the evidence itself or from a lack of evidence. * * * It is a doubt which a reasonable person has after carefully weighing all of the testimony."

There is no basis for holding that omission of the words "abiding conviction to a moral certainty" was error. The ultimate objective of furnishing lucid and comprehensible guidelines for the jury in its deliberations was satisfied by the charge given.

### III

Defendant additionally contends that the trial court committed reversible error in not charging the jury concerning the "defense of another." Defendant made a claim of self-defense, and a proper charge was given on that element. But he did not, until this appeal, claim that he acted in defense of another, namely, his brother who was also indicted for the same murder but had not been apprehended at the time of this trial. Defendant neither requested a charge on "defense of another" nor objected to the trial court's failure to charge on the point, but seeks a favorable ruling on the basis of plain error. Upon examination of the record, we do not find any plain error in the trial court's failure to charge on "defense of another."

We have carefully examined the other points raised by defendant and find them to be without merit.

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7

*For reversal*—None.