194 N.J. Super. 344 (1984)
476 A.2d 1253
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RALPH LOUIS NITTOLO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 9, 1984.
Decided May 17, 1984.
*346 Before Judges GAULKIN and SHEBELL, J.S.C.
Joseph H. Rodriguez, Public Defender, attorney for appellant (Anthony M. Mahoney, Designated Counsel, on the brief).
Irwin I. Kimmelman, Attorney General, attorney for respondent (Gilbert Miller, Deputy Attorney General, on the brief).
PER CURIAM.
Following denial of his motion to suppress, defendant was found guilty by a jury of unlawful possession of diazepam and phencyclidine (N.J.S.A. 24:21-20(a)(1)) and unlawful possession of those substances with intent to distribute (N.J.S.A. 24:21-19(a)(1)). On this appeal from the judgment, defendant urges:
POINT I.
The trial court erred in not permitting counsel to argue to the jury that the defendant had exercised his constitutional right not to testify.
POINT II.
The court erred in allowing testimony about an alleged weapon.
POINT III.
The warrantless search of the defendant's automobile violated his Fourth Amendment rights and was unlawful.
POINT IV.
The trial court erred in refusing to remove for cause a prospective juror who knew the trial judge personally.
POINT V.
The trial was tainted by the prosecutor's improper suggestion to the jury on summation.
Defendant's motion to suppress was properly denied. Information received from an anonymous informant permitted a police attempt to interrogate defendant as he sat in his car. See Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). The police also properly asked defendant to get out of the vehicle. See Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977). After defendant twice rammed the police car in an apparent attempt to flee, the police clearly had probable cause to arrest him and were free to search the passenger compartment of the vehicle and any containers found therein incident to defendant's arrest. See *347 New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); State v. Evans, 181 N.J. Super. 455 (App.Div. 1981).
We find, however, that the trial judge improperly foreclosed defense counsel from arguing to the jury that defendant had exercised his constitutional right not to testify. Defense counsel argued in summation that his client had "not testified in this case" and that although "[t]he judge will instruct you on the law[,] I would just like to say to you about that, it's not our burden to come forward...." The trial judge interrupted and said that "I will discuss the law" and that "you can't tell them what the law is." Defense counsel asked to approach sidebar, where he inquired:
Are you telling me that I may not discuss with them the fact that they cannot draw an inference against my client?
The trial judge responded, "That's right."
It is true that the proposition which counsel sought to argue to the jury is a matter of law; indeed a defendant has a constitutional right to have the jury instructed on the matter. Carter v. Kentucky, 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981). But a charge from the court is no substitute for an exhortation from defense counsel. The significance of closing argument in a criminal prosecution was compellingly described by Justice Stewart in Herring v. New York, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975):
In a criminal trial, which is in the end basically a factfinding process, no aspect of such advocacy could be more important than the opportunity finally to marshal the evidence for each side before submission of the case to judgment. [at 862, 95 S.Ct. at 2555].
The failure of a defendant to testify is "a fact inescapably impressed on the jury's consciousness." Griffin v. California, 380 U.S. 609, 622, 85 S.Ct. 1229, 1237, 14 L.Ed.2d 106 (1965) (Stewart, J., dissenting). The jury is very likely to speculate "about why a defendant stands mute in the face of a criminal accusation." Carter v. Kentucky, supra, 450 U.S. at 303, 101 S.Ct. at 1120. In Carter, the Court deemed an instruction from the judge essential to protect defendant's right *348 to remain silent even though defense counsel had argued in summation that defendant was not required to take the stand. Id. at 294 n. 6, 101 S.Ct. at 1116 n. 6. The same considerations which compel the court to instruct the jury when so requested also compel the court to allow defense counsel to address that issue in closing argument. The trial court may take steps to ensure that the argument does not misrepresent the evidence or the law, but it may not substantially bar the argument. Cf. State v. Davis, 45 N.J. 195, 197 (1965).
We cannot regard the trial judge's error to be harmless here. Defendant was apprehended in his car together with a passenger. A small amount of phencyclidine and a plastic bag containing 568 diazepam pills were seized. As argued by defense counsel in his behalf, defendant admitted that the phencyclidine was his, but for personal use only. Defense counsel also conceded to the jury that "I don't think anybody could possibly try to suggest that a person having 568 pills would be having them for personal consumption." But, the defense urged, the passenger was the possessor and distributor of the diazepam, not defendant. The passenger had been indicted with defendant, but her case had been severed; she had not yet been tried and did not testify at defendant's trial. The proofs concerning the relative roles and responsibilities of defendant and his passenger were meager and subject to inferences both in favor of defendant and in favor of the State. In that setting, defendant's failure to testify could have exercised a powerful influence. The refusal of the trial judge to give defense counsel an opportunity to dissipate that influence was clearly capable of bringing about an unjust result.
We therefore reverse the conviction and remand the matter to the Law Division for further proceedings. We do not retain jurisdiction. In light of our disposition we do not pass on the contentions raised by defendant in Points II, IV and V of his brief.