220 N.J. Super. 355 (1987)
532 A.2d 262
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
DAVID PROBASCO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 16, 1987.
Decided October 15, 1987.
*356 Before Judges FURMAN and BRODY.
Samuel J. Marzarella, Assistant Ocean County Prosecutor, argued the cause for appellant (Edward J. Turnbach, Ocean County Prosecutor, attorney; Samuel J. Marzarella, on the brief).
Charles T. Eckel argued the cause for respondent.
The opinion of the court was delivered by BRODY, J.A.D.
This is a drug prosecution.[1] We granted the State leave to appeal an order granting defendant's motion to suppress drugs that were seized during a warrantless search of his automobile.
County detective Jeffrey Bissey was the only witness at the suppression hearing. He testified that he was assigned to participate in a municipal police surveillance and possible arrest of a person suspected of distributing drugs. He arrived at the municipal police station about 5:30 p.m. Local officers advised him that between 8:00 p.m. and 10:00 p.m. that night a white male named David would drive a maroon Ford to a stated address in the municipality to deliver drugs. David would be alone and "possibly armed." The source of the information was an informant whose inherent reliability was not established in this record. The local police also told Bissey that the stated address was in a neighborhood known for illegal drug activity.
Bissey joined the local officers in a surveillance of the address. About 9:00 p.m. defendant, a white male, arrived alone in a maroon Ford and parked in front of the suspect address. He entered the building, returned to his vehicle about a half-hour later and drove away.
Bissey followed defendant in an unmarked car. While taking a circuitous route out of the neighborhood, defendant ran a stop sign whereupon Bissey stopped him for the traffic violation. *357 Bissey testified that as defendant was bringing his car to a stop he observed him lean forward towards the center of his vehicle and appear "to place something in that area."[2]
In the course of a patdown immediately after the stop, Bissey found a hunting knife in defendant's belt. When asked for his driving credentials, defendant produced a driver's license showing that his first name is David. Bissey then searched the area under the dashboard of defendant's automobile where it appeared to Bissey that defendant had secreted something while bringing the automobile to a stop. Jammed between the radio and the dashboard housing was an arm band that contained a zippered compartment. After feeling something inside, Bissey opened the zipper and found a quantity of methamphetamine, the evidence defendant seeks to suppress.
During the hearing the judge expressed concern over the failure of the police to obtain an anticipatory search warrant in view of the several hours they had to do so between the time when they received the informant's information and the time when the suspect was expected to appear at the stated address. See State v. Marsh, 162 N.J. Super. 290 (Law Div. 1978), aff'd sub nom. State v. Williams, 168 N.J. Super. 352 (App.Div. 1979) (cited with approval, though distinguished, in State v. Bell, 195 N.J. Super. 49, 53-56 (App.Div. 1984)). In reaching his findings, however, the judge was satisfied that the police did not have probable cause to obtain a warrant because they lacked evidence that the informant was inherently reliable.
*358 The judge then ruled that because the police could not demonstrate the informant's inherent reliability, the information he provided was not only unavailable to establish probable cause to obtain an anticipatory warrant to search defendant's automobile for drugs, but also unavailable to establish probable cause for a later warrantless search. He expressed the ruling as follows:
Let me say to you that I am going to rule, and I hereby rule that I am not going to consider in any way, shape or form anything that was said by that informant because his reliability was not established.
The judge erred because the events that the police witnessed after defendant arrived on the scene corroborated much of the informant's information and thereby bolstered the veracity of all his information. The police could then properly use that information as a basis for probable cause to search defendant's automobile for drugs.
Under both federal and state constitutional standards, information given by an informant whose inherent reliability has not been shown may nevertheless be used to establish probable cause to obtain a search warrant if the informant's veracity is bolstered by the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 237-238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983); State v. Novembrino, 105 N.J. 95, 121-123 (1987).
Typically, the veracity of such an informant's information is bolstered by observations of the police during an investigation. See, e.g., State v. Sainz, 210 N.J. Super. 17, 20-22 (App.Div. 1986), aff'd 107 N.J. 283 (1987). If the observations of police during an investigation may be used to bolster the veracity of an informant's information offered to establish probable cause to obtain a search warrant, such observations, where the circumstances are exigent, may similarly be used to bolster the veracity of an informant's information to establish probable cause to conduct a warrantless search. The point is assumed without discussion in United States v. Reyes, 792 F. 2d 536, *359 539-540 (5th Cir.1986), cert. den. ___ U.S. ___, 107 S.Ct. 191, 93 L.Ed.2d 124 (1986).
The following information supplied by the informant was proved true by events that occurred in Bissey's presence before he undertook the search in question: defendant's car arrived at the address provided by the informant at the time he predicted, the vehicle was a maroon Ford, defendant was alone, he is a white male, he stayed only a short time in the building, he appeared to secrete something under the dashboard, he was armed[3] and his driver's license confirmed that his name is David. Corroboration of all that information provided by the informant gave the police reason to believe that the informant knew defendant would be carrying drugs. The totality of these circumstances provided the police with probable cause to search defendant's automobile for drugs.
Once the police had probable cause to search the automobile for drugs, they could do so without a warrant under the automobile exception. State v. Esteves, 93 N.J. 498, 504-505 (1983). The search could properly include the contents of closed containers found in the vehicle. United States v. Ross, 456 U.S. 798, 823-824, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572, 592-593 (1982) (cited with apparent approval in Esteves, 93 N.J. at 508, n. 3); State v. Nittolo, 194 N.J. Super. 344, 346-347 (App.Div. 1984). The search inside the zippered arm band was therefore lawful and defendant's motion to suppress the drugs that were found should have been denied.
Reversed and remanded for further proceedings.
NOTES
[1] The parties have not furnished us with a copy of the indictment or told us the crimes with which defendant has been charged.
[2] The trial judge received skeptically the part of Bissey's testimony that described his observations of this movement. However, in making his findings the trial judge stated:

Even assuming that some kind of movement took place toward the center of the dashboard, I want the record to reflect that I don't find that that was a "furtive" movement within the meaning of the case law, and I really don't think it was sufficient to give rise to the action that was taken by the police thereafter....
The judge probably meant that the movement, standing alone, did not establish probable cause to search the vehicle for drugs.
[3] Even if before the patdown that uncovered the knife the veracity of the informant's information had not been sufficiently established to constitute probable cause to conduct a search of defendant's automobile for drugs, it had become sufficiently credible to permit the patdown. To justify a protective patdown a police officer need only have "`reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime.'" State In Interest of H.B., 75 N.J. 243, 248 (1977) (quoting from Terry v. Ohio, 392 U.S. 1, 25-27, 88 S.Ct. 1868, 1882-1883, 20 L.Ed.2d 889, 908-909 (1968)).