THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JACOB ROSENBERG, PLAINTIFF IN ERROR.

Submitted December 1, 1921—Decided July 9, 1922.

1. Upon the trial of an indictment which charged the defendant with breaking and entering on February 25th, 1919, at Belmar, the court permitted the state to introduce testimony to establish that, on March 6th, 1919, the plaintiff was arrested in Brooklyn for having goods in his possession stolen in Long Branch, there being no pretence that the goods were those charged in the indictment to have been stolen. *Held*, to be harmful error.

2. A reasonable doubt as to the guilt of a person charged with crime is not whether the jurors can give a good and sufficient reason for their doubt, but is predicated solely upon the state of mind produced upon the jurors, by comparison and consideration of all the evidence in the case so "that they cannot say that they feel an abiding conviction to a moral certainty of the truth of the charge."

On error to the Monmouth County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff in error, *Andrew J. C. Stokes.*

For the state, *Charles F. Sexton,* prosecutor of the pleas.

The opinion of the court was delivered by

KALISCH, J.   The plaintiff in error, as disclosed by the record brought here, was convicted in the Monmouth County Court of Quarter Sessions of "breaking and entering, with intent, &c., as he stands charged in the indictment," on an indictment which contained five counts, the first of which charged a breaking and entering a dwelling-house, by night, with intent to steal; the second, a breaking and entering a dwelling-house, by day, with intent to steal; the third, entering without breaking a dwelling-house with intent to steal; the fourth, grand larceny; and the fifth, receiving stolen goods, knowing them to have been stolen.

Before entering upon a consideration of the points raised and argued in the brief for the plaintiff in error, it will not be out of place to point out here that the verdict, as it appears from the record, is uncertain in its finding.   As already observed there were two counts in the indictment which charged breaking and entering a dwelling-house, with intent to steal, one, by night, which was burglary, the other, by day, which was not.   The verdict, therefore, which was "guilty of breaking and entering with intent, &c., as he stands charged in the indictment," leaves it uncertain upon which count of the indictment the jury based its verdict. While it is true that no point is made of this as a ground for reversal, nevertheless we think the matter is of sufficient importance to call attention to it, in order to prevent laxity in receiving and recording verdicts.   Care should be taken that the verdict of the jury shall be responsive to the charge in the indictment of which the defendant is found guilty.

As we are only concerned with reviewing a record upon assignments of errors or specified causes for reversal, duly assigned, presented and argued, and since we have reached a result upon grounds properly presented and argued which

necessitates awarding a new trial, we take occasion to point out that the first count of the indictment charges the common law crime of burglary, and that under the decision of this court in *State* v. *Conners,* 45 *N. J. L.* 340, the plaintiff in error was entitled to a special panel of jurors and to twenty challenges, as provided by statute, which statutory right was denied him by the court below. Although this action of the trial court was assigned as error, it was not relied on and argued in the brief of counsel of plaintiff in error and hence the assignment will be considered to have been abandoned.

The first ground for reversal urged by counsel of plaintiff in error is, that against his objection, the trial judge improperly permitted the state to introduce testimony tending to establish that the plaintiff in error committed a crime other than that charged against him in the indictment.

The crime of which the plaintiff in error was indicted, according to one Lerner, who was jointly indicted with the plaintiff in error, and who testified as a witness for the state, a severance having been granted before the trial upon the application of the prosecutor of the pleas, appears to have been committed on February 25th, 1919, at Belmar, by the plaintiff in error and Lerner, by breaking and entering a dwelling-house, at night, and stealing rugs therefrom. Lerner further testified that the stolen rugs were taken by him and the plaintiff in error on the 27th day of February, 1919, to Brooklyn. The injurious wrong complained of is that the court permitted the state, against the objection of counsel of plaintiff in error, to introduce testimony to establish that, on March 6th, 1919, about nine days after the date of the commission of the crime at Belmar, Lerner and the plaintiff in error were arrested in Brooklyn for having goods in their possession stolen in Long Branch, which stolen goods consisted of upholstery. There was no pretence that the goods were those of the complaining witness or formed any part of the goods obtained at Belmar. That the effect of this testimony was to establish the commission

of an independent crime by the plaintiff in error and that such testimony was harmful and prejudicial is quite apparent.

While it is true that the court during the trial, on several occasions, said that proof of the commission of a crime other than that charged in the indictment could not be properly allowed to be given, he, nevertheless, permitted Boschen, a Brooklyn policeman, to testify against the objection of counsel of plaintiff in error, that the goods which he saw in the former's possession had been stolen in Long Branch. A careful reading of the charge of the learned trial judge fails to make it clearly appear that the testimony illegally admitted was so eradicated from the case that its admission could not have injuriously affected the accused. *Bullock* v. *State,* 65 *N. J. L.* 557; *State* v. *Henson,* 66 *Id.* 601. This error requires a reversal of the judgment.

It is further insisted on behalf of the plaintiff in error, that the learned judge erred in charging the jury on the question of reasonable doubt. He charged, that a reasonable doubt was, "a doubt respecting his (the defendant's) guilt arising upon the evidence or from the lack of evidence for which you as reasonable men can give a good and sufficient reason."

This statement was inaccurate and harmful.

It is observable that the learned judge makes the existence of a reasonable doubt depend upon the condition that where a juror's mental state, after hearing the evidence, is such that he can give good and sufficient reason for the doubt he entertains. This view is antagonistic to the settled law of this state. We have adopted the doctrine of reasonable doubt as defined by Chief Justice Shaw, in *Commonwealth* v. *Webster,* 5 *Cush.* 295 (at *p.* 320), in *Donnelly* v. *State,* 26 *N. J. L.* 601 (at *p.* 615). The test there furnished as to when a reasonable doubt may be properly said to have arisen is stated, as follows: Reasonable doubt "is not a mere possible doubt * * *. It is that state of the case, which, after the entire comparison and consideration of all the

evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the. charge." See *State* v. *Linker,* 94 *Id.* 412. Keeping this definition in view as to what in law constitutes a reasonable doubt, it is quite plain that the test to be adopted by the jurors to determine whether such reasonable doubt exists, according to the decisions of our highest tribunal, is not whether the jurors can give a good and sufficient reason for their doubt, but the arising of such reasonable doubt is predicated solely upon the state of mind produced upon the jurors, by a comparison and consideration of all the evidence in the case so "that they cannot say that they feel an abiding conviction to a moral certainty of the truth of the charge."

We do not find it necessary to express any opinion upon the other questions raised and argued in the brief of counsel of plaintiff, since for the reasons above expressed the judgment below must be reversed.