THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v CLARA BAILEY, PLAINTIFF IN ERROR.

Submitted October 27, 1924—Decided February 6, 1925.

Crimes—Disorderly House—Allegation That Defendant was Not Shown to Have Been Connected With House Not Sustained —Defendant Neglected to Take Stand—Charge Regarding Reasonable Doubt Not in Form Approved in State v. Donnelly, but Does Not Come Within Rule of State v. Rosenberg—A "Reasonable Doubt" Being One With a Reason, but Not Necessarily One Which the Doubter May Express in Words.

On writ of error to the Atlantic County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the defendant in error, *Louis A. Repetto.*

For the plaintiff in error, *Walter Comer* (*Ulysses G. Styron,* of counsel).

PER CURIAM.

This case is before us on a writ of error directed to the Atlantic County Court of Quarter Sessions. The writ brings up the conviction of Clara Bailey, indicted at the January term, 1924, of the Atlantic County Court of Oyer and Terminer, for keeping a disorderly house. The case is before this court upon a strict bill of exceptions and upon specifications of causes for reversal. The entire record has been

certified to the court. The evidence for the state was furnished by two detectives. The defendant was a negress. The disorderly house was alleged to have been located at 18 Surf place, in the city of Atlantic City. The detectives received information as to the character of the house, and that the pass-word for entrance was "Mike the cabby sent us." On December 17th the detectives rang the bell of this house. The defendant opened the door. They gave the pass-word and were admitted. They went into a parlor. There were three white girls there. Afterwards, a fourth girl entered the room. One of the detectives spoke to the fourth girl. They left the room together and were absent for some time. They returned to the parlor. The detective handed $4 to the girl. She handed the defendant one dollar. The same detectives went to the same house on the following evening, December 18th, 1923. One of the detectives went upstairs with a girl. He gave her $4. When she came down stairs she gave the defendant one dollar.

No evidence was offered by the defendant. A motion to direct an acquittal was made and denied and an exception taken. The case was submitted to the jury, which returned a verdict of guilty.

Under the assignments of error and specifications of causes for reversal, the plaintiff in error first contends that there was no proof of any conduct which constituted the premises a disorderly house or connected the defendant therewith. We cannot see the force of this argument. The defendant was connected with the house. She opened the door, and, upon receiving the pass-word, admitted the state's witnesses. She was present with the other inmates of the house. She received a portion of the money paid by the detectives to the girls who accompanied them upstairs. This evidence was sufficient, in our opinion, to entitle the state to have the case submitted to the jury.

The next point urged for the reversal of the judgment of conviction deals with what the plaintiff in error contends was a misinstruction to the jury on the question of reasonable doubt. It is argued that this occurred when the trial

judge spoke of the conduct of the defendant in not testifying. The court said on this subject: "Where the defendant, as in this case, sits mute after hearing the testimony produced on the part of the state charging her with a crime, and fails to take the witness-stand in her own behalf and deny the evidence produced on the part of the state charging her with a crime, and where no one else in her behalf takes the stand and denies the evidence produced by the state charging her with crime, her failure to take the witness-stand under such a situation may be considered by you in determining whether or not she had taken the witness-stand, would she have denied the crime charged against her in the indictment and supported by the testimony produced on the part of the state. Her failure to take the witness-stand under such circumstances, as a matter of law, may be considered by you in determining whether or not she would have denied the charge had she taken the stand, and secondly, you may consider her failure to take the stand and deny the crime charged against her in determining whether or not the state has satisfied you beyond a reasonable doubt of her guilt."

It is contended that the definition of reasonable doubt given by the trial judge was incorrect, and must be considered with the portion of the charge above quoted. This definition was: "The state, of course, is required to satisfy you beyond a reasonable doubt of her guilt—that is, the state must satisfy you to a point where you have an abiding conviction as to a moral certainty that she is guilty. If the state has so satisfied you, then, of course, it becomes your duty to find her guilty. If, on the other hand, after considering all the testimony produced on the part of the state, you have a reasonable doubt—that is, a doubt, existing for a reason, as to whether or not she is guilty, then the law requires you to resolve that reasonable doubt in favor of the defendant and find her not guilty." We can see no error in the portion of the charge quoted which states that the jury could take into consideration in determining whether or not the state had satisfied them beyond a reasonable doubt of the guilt of the defendant, the failure of the defendant to

take the stand in her own behalf. All that the court meant was that this action or non-action of the defendant in not taking the stand was a circumstance which could be taken into account by the jury with other circumstances in determining the guilt or innocence of the defendant. This was true. The court did not say that the failure of the defendant to testify was evidence of guilt.

The definition of reasonable doubt given by the trial judge departs somewhat from the form approved in *State* v. *Donnelly*, 26 *N. J. L.* 601, and *State* v. *Linker*, 94 *Id.* 412, and is challenged by the plaintiff in error. The contention made appears to be that by the two parts of the charge quoted the jury were permitted to consider lack of evidence as an element to be taken into account in determining the guilt of the defendant. This was permitting the jury to take into consideration, to the prejudice of the defendant, an element which they should not have been permitted to consider.

This attack appears to have been suggested by the case of *State* v. *Rosenberg*, 118 *Atl. Rep.* 207, where the following charge on the subject of reasonable doubt was held erroneous: "A doubt respecting his [the defendant's] guilt arising from the evidence, or from the lack of evidence, for which you as reasonable men can give a good and sufficient reason." This court said with respect to this language: "This statement was inaccurate and harmful. It is observable that the learned judge makes the existence of a reasonble doubt depend upon the condition that where a juror's mental state, after hearing the evidence, is such that he can give a good and sufficient reason for the doubt he entertains. This view is antagonistic to the settled law of this state."

This criticism raises the further question whether in the use in the present case of the language, "If, on the other hand, after considering all the testimony produced on the part of the state, you have a reasonable doubt, that is a doubt existing for a reason, as to whether or not she is guilty, then the law requires you to resolve that reasonable doubt in favor of the defendant and find her not guilty." The charge is subject to the same criticism as made in the case of *State* v.

*Rosenberg, supra.* We do not think that the trial judge said in the portion of the charge complained of that the jury could consider "lack of evidence," so we will make no further comment on this phase of the contention made in behalf of the accused.

In the Rosenberg case the error, as pointed out, was in stating that only a doubt for which the jury as reasonable men could give a good and sufficient reason was a reasonable doubt. A juror may have a reasonable doubt without being able to give a good and sufficient reason for the doubt. In the charge under consideration we do not think that the words "a doubt existing for a reason" implied the same thought or idea as the words used in the charge in the Rosenberg case. A reasonable doubt is a doubt existing for a reason. One may have a reasonable doubt which he is unable to express in words, but it is, nevertheless, a reasonable doubt. There is a reason which exists for any reasonable doubt, although the doubter may be incapable of expressing the reason for its existence. We, therefore, think that the present case is distinguishable from the Rosenberg case, and that the defendant below was not harmed by what the trial judge said on the question of reasonable doubt.

The last point argued for the plaintiff in error deals with a statement made by the trial judge when counsel took an exception to the portion of the charge commenting on the failure of the defendant below to testify. The trial court said: "The law does not hold that." What the court said was correct. Counsel, in taking the exception, stated the law inaccurately. It is urged that what the court said might have misled the jury to the prejudice of the defendant.

It is difficult to see how a conviction can be set aside because of a misstatement of the law by defendant's counsel, to which the court said nothing more than that the law did not hold as counsel said it did. The method which should be taken to secure either the charging of the correct principles of law governing a case or a good exception is by the preparation and submission of requests to charge.

The judgment of conviction is affirmed.