STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HARRY WILLIAMS ET AL., PLAINTIFFS IN ERROR,

Argued January 22, 1931—Decided June 19, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiffs in error, *Braelow & Tepper.*

For the defendant in error, *Louis A. Repetto,* prosecutor of the pleas.

PER CURIAM.

This case is before this court on a writ of error sued out by plaintiffs in error to review their conviction in the Atlantic County Court of Quarter Sessions of the charge of atrocious assault and battery.

On October 22d, 1930, at seven o'clock in the morning, one Jack Greenberger was assaulted and badly beaten at the corner of New Jersey avenue and Oriental avenue in Atlantic City. Two men did the beating and a third urged them on from across the street and held in his hand a revolver. After the assault Greenberger pursued the two men, saw them enter a house, and caused their arrest. The third man with the gun was followed by a passerby, one Minnick, and arrested

after he entered the Breakers Hotel. All three were identified by Minnick and Greenberger.

Points I and I-A. These points have to do with the refusal of the trial judge to grant an adjournment of the trial at the request of the defendants. The assault took place as stated on October 22d. Plaintiffs in error were arrested the same day, arraigned on the 23d, indicted on the 24th, and October 30th was set for the trial. On behalf of all three defendants, application was made for a writ of *habeas corpus* in an effort to obtain a reduction of bail. Argument on the writ was heard October 28th. When the defendants appeared for trial on the 30th, Williams was represented by separate counsel who claims to have been retained the night before, the 29th. It is, therefore, urged that plaintiffs in error were prejudiced because they had no adequate opportunity to prepare their defense and that the refusal of the court to grant an adjournment was an abuse of discretion.

With respect to Cohen and Spinelli, they do not point out in what way they were prejudiced. There is no claim that they could with more time have presented any evidence of any kind. They did not take the stand and relied entirely on the alleged weakness of the state's case.

As to Williams it is claimed that a woman with whom he was registered at the Breakers Hotel (later claimed to be his wife) was a material witness and necessary to his defense. Counsel refused to state in what way her testimony was material on the ground that he did not care to disclose his defense. Williams on cross-examination said he had tried once during the intervening week to get in touch with her. He did not state just what his effort was. There is nothing more than a statement of counsel to show that she could be located and brought into the jurisdiction if an adjournment were granted.

With no more of a showing than this, it cannot be said that there was an abuse of discretion.

II. It is urged that the trial court erred in its charge to the jury in asserting as a proven fact an essential element of the state's case, the existence of which should have been left to the jury to find. This concerns the following statement:

"By the testimony that has been produced by the state, they

have shown that two of these defendants were on one side of the street, and the other defendant, Williams, was on the other side of the street."

It is contended that this was equivalent to a direction of a verdict of guilty. While the choice of language was perhaps not the happiest, still the interpretation contended for is not the natural one to be placed on the charge. It seems that it was merely comment in the nature of a review of the state's version of the occurrence. In the next paragraph the court said: "In the case now before you, if these three defendants were there aiding and abetting each other, &c." He further said the jury might find the defendants not guilty. There was no harm in the portion of the charge complained of.

III. This point has to do with what the court said about reasonable doubt, as follows:

"The state is required under our system of the law to prove the guilt of a defendant beyond a reasonable doubt, and that simply means that the state must satisfy you to a point where you have an abiding conviction to a moral certainty of the guilt of the defendant. If the state has so satisfied you, it becomes your duty, of course, to find the defendants guilty. * * * On the other hand, if there exists in your minds a reasonable doubt, that is, a doubt existing for a reason, as to whether or not the defendants are guilty as charged in the indictment, the law requires you to resolve such reasonable doubt, if it exists, in your minds, in favor of the defendants and acquit them."

The argument is that this is tantamount to a direction to ignore the evidence of the defense in determining the absence of a reasonable doubt. This construction of the meaning of the language is strained and entirely unwarranted. When the court said that the state must satisfy the jury beyond a reasonable doubt, he meant of course satisfy them despite the evidence of the defense. *State* v. *Bailey*, 3 *N. J. Mis. R.* 210; 127 *Atl. Rep.* 589.

IV. This point urges that the trial court erroneously defined atrocious assault and battery, and failed to define all the elements of an atrocious assault and battery.

The court said: "Atrocious assault and battery is the maiming or wounding of the body of one person by another."

This is correct as far as it goes. The complaint seems to be that the court did not charge with reference to a simple assault, assault and battery, and atrocious assault and battery. However, no request was made in this respect. There was no injury done to defendants, in any event. The offense committed in this case was, as clearly shown by the evidence, an atrocious assault and battery. There is no merit in this point.

V. The next point is that the trial court erred in its charge to the jury in stating that the defendants might be found guilty of an assault or an atrocious assault and battery without charging that they might have been found guilty of assault and battery. No request was made to charge on this point. In fact, counsel took exception to the charge that the defendants could be convicted of simple assault, thereby indicating a desire to stand on the charge of atrocious assault and battery alone. The assault was an atrocious one, consisting of maiming and wounding with a cold chisel.

VI. It is urged that the trial court erred in its refusal to permit counsel for Williams to ask one of the state's witnesses on cross-examination questions tending to show that this particular state's witness had a motive for himself committing the crime charged. The question was "are you friendly towards organized labor?" This was clearly improper cross-examination.

VII. It is further urged that the trial court erred in charging the jury that they could convict one or all three of these defendants. The argument of the plaintiffs in error on this point is not very clear, but the complaint seems to be that the court did not go on and say that the jury could acquit one or more of the accused. This idea is included in the statement made and the contention is entirely without merit.

VIII. Plaintiffs in error urge that the verdict was against the weight of the evidence. The verdict was amply supported by the evidence.

Upon the whole case it appears that defendants were not prejudiced in the submission of their defense upon the merits, and that they had a trial in which no harmful error was committed by the trial judge.

The judgments of conviction are affirmed.