286 N.J. Super. 149 (1995)
668 A.2d 457
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MORRIS HUDSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 21, 1995.
Decided December 26, 1995.
*151 Before Judges MICHELS, BAIME and KIMMELMAN.
Susan L. Reisner, Public Defender, attorney for appellant (Colleen A. McCarthy, Designated Counsel, of counsel and on the brief).
Deborah T. Poritz, Attorney General, attorney for respondent (Teresa A. Blair, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the court was delivered by BAIME, J.A.D.
A jury found defendant guilty of first degree possession of cocaine with intent to distribute (N.J.S.A. 2C:35-5a(1) and 5b(1)) and third degree possession of a smaller quantity of the same drug (N.J.S.A. 2C:35-10a(1)). The trial judge merged the convictions and sentenced defendant to ten years imprisonment with a parole disqualifier of three years and 120 days. The trial judge also suspended defendant's driver's license for one year and ordered that the period of suspension commence upon his release from prison.
On appeal, defendant claims (1) the trial judge committed plain error in his instructions to the jury on reasonable doubt, (2) the motion to suppress evidence was erroneously denied, and (3) the sentence was excessive. We find no basis to disturb defendant's conviction or sentence. However, we modify the date on which the license suspension is to begin.
In the early morning hours of June 9, 1990, a State Trooper stopped defendant's late model BMW for a traffic infraction. The officer's attention was attracted by a large "wad" of money protruding from defendant's shirt pocket. Defendant appeared nervous and gave inconsistent answers to the officer's preliminary questions. After being advised of his right to refuse to permit a search of the vehicle, defendant signed a written consent form. A large cache of cocaine, 264.1 grams, was found in the trunk of the *152 automobile, and a subsequent search of defendant's person at the police station disclosed an additional 4.6 grams of cocaine. Defendant then executed a written waiver of his constitutional rights and gave a statement in which he claimed he had "found" the cocaine in New York and planned to sell it in order to buy a tractor trailer.
At trial, defendant asserted that he was unaware of the cocaine in the BMW and first learned of its presence when it was found by the officer. Defendant denied that he had made a statement to the police, claiming that the trooper's account was a fabrication. The defense also presented evidence challenging the officer's testimony regarding his reason for stopping defendant's automobile.
We first consider defendant's argument that the trial judge erred in his instructions to the jury on reasonable doubt. No objection was interposed at trial, and we thus consider defendant's contention within the rubric of the plain error doctrine. See R. 2:10-2.
The trial judge's instructions on reasonable doubt tracked the model charge. Specifically, the jury was told that a reasonable doubt "is an honest and reasonable uncertainty as to the guilt of the defendant existing in [the jurors'] mind[s] after ... giv[ing] full and impartial consideration to all of the evidence." The judge stressed that a reasonable doubt could "arise from the evidence itself or from a lack of evidence." The jury was advised repeatedly that defendant was presumed innocent and that the State bore the burden of proving each element of the crimes charged beyond a reasonable doubt.
The trial judge added that a reasonable doubt is not "merely fanciful or speculative," that it could not arise "merely from sympathy or from fear to return a verdict of guilt," and that it is not a doubt "conjured up ... to escape the responsibilities of a decision." Finally, the jury was told of its "duty to give the defendant the benefit of every reasonable doubt ... [in its] search *153 for the truth" and that a reasonable doubt is a "doubt for which a reason can be given."
We do not endorse the trial judge's augmentation of the model charge. We suggest, for example, that a reasonable doubt may be one that defies the jury's ability to express or articulate the reasons for it. So too, the suggestion that a reasonable doubt "is a simple search for truth may run the risk of detracting from both the seriousness of the decision and the State's burden of proof." State v. Purnell, 126 N.J. 518, 545, 601 A.2d 175 (1992). In our view, the judge's comments beyond those contained in the model charge added nothing to the definition of reasonable doubt and were of questionable utility.
Having said this, we stress that portions of a charge alleged to be erroneous cannot be evaluated in isolation. State v. Marshall, 123 N.J. 1, 135, 586 A.2d 85 (1991); State v. Hunt, 115 N.J. 330, 373, 558 A.2d 1259 (1989); State v. Ravenell, 43 N.J. 171, 186-87, 203 A.2d 13 (1964), cert. denied, 379 U.S. 982, 85 S.Ct. 690, 13 L.Ed.2d 572 (1965); State v. Hipplewith, 33 N.J. 300, 317, 164 A.2d 481 (1960). Examining the jury charge "as a whole to determine its overall effect," State v. Wilbely, 63 N.J. 420, 422, 307 A.2d 608 (1973), we are satisfied that the comments complained of did not dilute either the standard of reasonable doubt or the State's burden of proof. On the contrary, the State's burden to prove guilt beyond a reasonable doubt permeates the trial judge's charge. See State v. Marshall, 123 N.J. at 136, 586 A.2d 85. Our review of the instructions satisfies us that their overwhelming tenor was to convey to the jury the exacting standard and burden of proof assigned to the prosecution as well as the seriousness of the jury's task in determining whether the State had sustained its evidentiary obligation.
Distinguishable are decisions finding error in instructions defining reasonable doubt as one for which a "good and sufficient reason" can be given. Compare State v. Rosenberg, 97 N.J.L. 430, 433, 118 A. 207 (Sup.Ct. 1922) and State v. Parks, 96 N.J.L. 360, 363, 115 A. 305 (Sup.Ct. 1921) with State v. Bailey, 3 N.J. Misc. *154 210, 214, 127 A. 589 (Sup.Ct. 1925). Such instructions clearly tend to dilute the State's burden. The instructions given in this case did not suffer from this infirmity, but instead "`impress[ed] upon the factfinder the need to reach a subjective state of near certitude of the guilt of the accused.'" Victor v. Nebraska, 511 U.S. ___, ___, 114 S.Ct. 1239, 1247, 127 L.Ed.2d 583, 596 (1994) (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 2786, 61 L.Ed.2d 560, 571 (1979)); see also Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990). While we disapprove of the judge's comments beyond the model charge on reasonable doubt, we are convinced that the remarks were not capable of producing an unjust result. See State v. Daniels, 276 N.J. Super. 483, 489, 648 A.2d 266 (App.Div. 1994), certif. denied, 139 N.J. 443, 655 A.2d 446 (1995).
Defendant's remaining arguments clearly lack merit. R. 2:11-3(e)(2). The record discloses that defendant voluntarily consented to the search of his automobile after being advised of his right to refuse. See State v. Johnson, 68 N.J. 349, 346 A.2d 66 (1975). Thus, the trial judge properly denied defendant's motion to suppress. We also find no basis to disturb the sentence imposed. The judge's findings were supported by competent, credible evidence, and the sentence was based upon a conscientious balancing of the appropriate aggravating and mitigating factors. State v. Roth, 95 N.J. 334, 363-64, 471 A.2d 370 (1984). The judge did not abuse his discretion in refusing to impose a sentence appropriate to a crime of a lesser degree. See N.J.S.A. 2C:44-1f(2); State v. Mirakaj, 268 N.J. Super. 48, 50, 632 A.2d 850 (App.Div. 1993).
We modify the judgment of conviction only with regard to the order that the suspension of defendant's driver's license commence upon his release from prison. Although the trial judge's decision to delay the suspension is consonant with common sense, the statute requires that the offender's license suspension must commence on the day sentence is imposed. N.J.S.A. 2C:35-16; State v. Alfano, 257 N.J. Super. 138, 143, 607 A.2d 1378 (Law *155 Div. 1992). Cf. State in the Interest of T.B., 134 N.J. 382, 634 A.2d 473 (1993); State in the Interest of J.R., 244 N.J. Super. 630, 583 A.2d 376 (App.Div. 1990). The State concedes as much in its brief.
The conviction and custodial sentence are affirmed. The matter is remanded to the Law Division for modification of the judgment to reflect that suspension of defendant's license commenced on the date sentence was imposed.