685 A.2d 1242

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. DOMINGO R. MEDINA, A/K/A DOMINGO
RIVERA, DEFENDANT–APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
EDWARD F. FARMER, DEFENDANT–APPELLANT.

Argued October 24, 1995—Decided December 5, 1996.

44

*Stephen W. Kirsch,* Assistant Deputy Public Defender, argued the cause for appellant Domingo R. Medina, etc., (*Susan L. Reisner,* Public Defender, attorney).

*Robert L. Sloan,* Assistant Deputy Public Defender, argued the cause for appellant Edward F. Farmer, (*Susan L. Reisner,* Public Defender, attorney).

*Roseann A. Finn,* Assistant Prosecutor, argued the cause for respondent (*Edward F. Borden, Jr.,* Camden County Prosecutor, attorney; *Ms. Finn* and *Jack L. Weinberg,* Assistant Prosecutor, on the letter briefs).

*Catherine A. Foddai,* Deputy Attorney General, argued the cause for amicus curiae, Attorney General of New Jersey (*Deborah T. Poritz,* Attorney General, attorney).

The opinion of the Court was delivered by

POLLOCK, J.

The issue is whether the jury instructions in these cases satisfied the requirements of due process in explaining that the State bears the burden of proving defendants' guilt beyond a reasonable doubt. After consolidating the cases, the Appellate Division affirmed the convictions of both defendants. We affirm both judgments.

## I.

### *State v. Medina*

On the night of June 14, 1990, Jose Torres and Michael Babilonia drove to a Camden apartment building where their friend Jimmy Rivera lived. When Babilonia beeped the car horn, Rivera's girlfriend, Melissa, came to the window and said that Rivera was sleeping. Babilonia continued to beep the car horn and cursed at Melissa.

Defendant, Domingo Medina, who had been in the building, confronted Babilonia and Torres. Medina accused Torres of "being with" Medina's girlfriend, Anna, and of calling Medina a "pussy." Torres denied Medina's allegations.

Medina then pulled a handgun from the front pocket of his sweatshirt and pulled back the slide. Nervous, Torres began

retreating. Medina threatened to shoot Torres if he continued walking. Torres continued. Medina followed him for half a block. Medina repeated his threat, but Torres continued to retreat. Medina fired five shots at Torres. Three of the bullets struck Torres, one in the lower back and two in the right buttock. The gunshots caused severe injury to Torres' diaphragm, liver, bladder, and sigmoid colon. At the hospital, Torres told a hospital worker that Medina had shot him.

Police questioned Medina about the shooting. After they advised him of his Miranda rights, *Miranda v. Arizona,* 384 *U.S.* 436, 86 *S.Ct.* 1602, 16 *L.Ed.*2d 694 (1966), Medina admitted that he had pointed a gun at Torres, that the gun was loaded, that he had cocked the gun, and that he had followed Torres up the street. He stated, however, that he had not intended to shoot Torres but that the handgun had discharged accidentally five times.

A Camden County grand jury returned a six-count indictment against Medina, charging him with: second-degree aggravated assault, contrary to *N.J.S.A.* 2C:12–1b(1) (count one); fourth-degree aggravated assault, contrary to *N.J.S.A.* 2C:12–1b(4) (count two); third-degree unlawful possession of a handgun, contrary to *N.J.S.A.* 2C:39–5b (count three); second-degree possession of a weapon for an unlawful purpose, contrary to *N.J.S.A.* 2C:39–4a (count four); third-degree terroristic threats, contrary to *N.J.S.A.* 2C:12–3b (count five); and attempted murder, contrary to *N.J.S.A.* 2C:5–1 and 2C:11–3 (count six).

During the charge to the jury, the trial court explained the State's burden of proof:

> This defendant, as I've said on more than one occasion previously, is presumed innocent. He is presumed innocent when he is indicted, he is presumed innocent throughout trial, he is presumed innocent at this moment and will be presumed innocent when you begin your deliberations. And that *presumption does not fade or extinguish until 12 of you agree that he is guilty of something.* And in order for you to be persuaded to that the State must meet its burden of proof. And it's · the State's burden of proof to prove to you every element of each offense beyond a reasonable doubt. And when we talk about *a reasonable doubt we mean doubt from which a reason can be given,* a doubt which arises from a fair and rational consideration of the evidence or perhaps the lack of evidence, it means a doubt as

would cause a man of ordinary prudence to pause or hesitate when called upon to act in the most important aspects of life. A reasonable doubt is not a doubt that is merely fanciful or speculative such as a skeptical mind might suggest. A doubt which *ignores a reasonable interpretation of the evidence* or which arises merely from sympathy or perhaps from fear to return a verdict of guilt is not a reasonable doubt. A reasonable doubt is not merely a doubt such as may be conjured up in the mind of someone desiring to escape the responsibility of making a decision. While it is your duty to give the defendant the benefit of every reasonable doubt, *you do not search for doubt, you search for truth.* And you give the defendant the benefit of a reasonable doubt if it arises in your minds after you have carefully considered all the evidence in the case. Reasonable doubt is not a mere possibility or imaginary doubt because as we all know, everything relating to human affairs or indeed depending upon oral evidence is open to some imaginary uncertainty as to the guilt of the defendant existing in your minds after you have given full and impartial consideration to all the evidence. It may arise from the evidence or it may arise from an absence of evidence. [emphasis added].

Medina did not object to the instruction. The jury convicted him of second-degree aggravated assault, fourth-degree aggravated assault, second-degree possession of a weapon for an unlawful purpose, and third-degree terroristic threats. It found him not guilty of the charges of second-degree unlawful possession of a handgun, and attempted murder. The court sentenced Medina to an aggregate term of ten years with a five-year parole disqualifier.

Before the Appellate Division, Medina claimed that the charge violated his right to due process and a fair trial under the Sixth and Fourteenth Amendments of the United States Constitutions and Article I, Paragraphs 1, 9 and 10 of the New Jersey Constitution. The Appellate Division affirmed. We granted certification, 140 *N.J.* 275, 658 *A.*2d 299 (1995).

### A.

In a criminal prosecution, the State bears the burden of proving beyond a reasonable doubt every element of an offense. *In re Winship*, 397 *U.S.* 358, 364, 90 *S.Ct.* 1068, 1072–73, 25 *L.Ed.*2d 368, 375 (1970). The due process clauses of the Federal Constitution, *Sullivan v. Louisiana*, 508 *U.S.* 275, 277–78, 113 *S.Ct.* 2078, 2080–81, 124 *L. Ed.*2d 182, 188 (1993); *Winship, supra,* 397 *U.S.* at 364, 90 *S.Ct.* at 1072–73, 25 *L.Ed.*2d at 375; *United States v. Pine,* 609 *F.*2d 106, 107 (3d Cir.1979); and the New Jersey Constitution,

*State v. Anderson*, 127 *N.J.* 191, 200–01, 603 *A.*2d 928 (1992) compel this standard.

Under the Sixth Amendment, the jury, not the court, determines guilt in a serious criminal case. *See Duncan v. Louisiana*, 391 *U.S.* 145, 149, 88 *S.Ct.* 1444, 1447–48, 20 *L.Ed.*2d 491 (1968); *Sparf v. United States*, 156 *U.S.* 51, 105–06, 15 *S.Ct.* 273, 294–95, 39 *L.Ed.* 343 (1895). Due process mandates that "the jury verdict required by the Sixth Amendment is a jury verdict of guilty beyond a reasonable doubt." *Sullivan, supra,* 508 *U.S.* at 278, 113 *S.Ct.* at 2081, 124 *L.Ed.*2d at 188. A jury instruction that fails to communicate the State's burden to prove guilt beyond a reasonable doubt is not amenable to harmless-error analysis and requires reversal. *Id.* at 278–81, 113 *S.Ct.* at 2081–83, 124 *L.Ed.*2d at 189–90.

The reasonable-doubt standard provides "concrete substance for the presumption of innocence," and reduces the risk of wrongful conviction. *Winship, supra,* 397 *U.S.* at 363, 90 *S.Ct.* at 1072, 25 *L.Ed.*2d at 375. It assures that a defendant will not be convicted if reasonable doubt exists about his or her guilt. *Id.* at 363–64, 90 *S.Ct.* at 1072–73, 25 *L.Ed.*2d at 375.

Notwithstanding its venerated role, the standard is problematic. As the United States Supreme Court recently lamented, "[a]lthough this standard is an ancient and honored aspect of our criminal justice system, it defies easy explication." *Victor v. Nebraska,* 511 *U.S.* 1, ——, 114 *S.Ct.* 1239, 1242, 127 *L.Ed.*2d 583, 590 (1994). Neither the New Jersey Constitution nor the Federal Constitution explicitly demands that trial courts define reasonable doubt. Both constitutions require only that the trial court inform the jury of the State's burden to prove the defendant's guilt beyond a reasonable doubt.

Neither constitution defines reasonable doubt. Understandably, trial courts have struggled in explaining the State's burden. This Court has cautioned "trial courts against using any charge that has a tendency to 'understate[ ]' or 'trivialize the awesome duty of the jury to determine whether the defendant's guilt was proved

beyond a reasonable doubt.' " *State v. Biegenwald,* 106 *N.J.* 13, 41, 524 *A.*2d 130 (1987) (quoting *Commonwealth v. Ferreira,* 373 *Mass.* 116, 364 *N.E.*2d 1264, 1272 (1977)); *accord State v. Purnell,* 126 *N.J.* 518, 544–45, 601 *A.*2d 175 (1992). Some federal circuit courts of appeal have instructed district courts not to try to define the beyond-a-reasonable-doubt standard because the definitions are frequently either unhelpful or inaccurate. *See, e.g., United States v. Adkins,* 937 *F.*2d 947, 950 (4th Cir.1991) ("This circuit has repeatedly warned against giving the jury definitions of reasonable doubt, because definitions tend to impermissibly lessen the burden of proof. . . . The only exception to our categorical disdain for definition is when the jury specifically requests it."); *United States v. Hall,* 854 *F.*2d 1036, 1039 (7th Cir.1988) (upholding district court's refusal to provide definition, despite jury's request, because, "at best, definitions of reasonable doubt are unhelpful to a jury. . . . An attempt to define reasonable doubt presents a risk without any real benefit.").

The United States Supreme Court has held that a jury instruction that partially defined reasonable doubt, as "such a doubt as would give rise to a grave uncertainty," and as "an actual substantial doubt," violated the Due Process Clause. *Cage v. Louisiana,* 498 *U.S.* 39, 40, 111 *S.Ct.* 328, 329, 112 *L.Ed.*2d 339 (1990). The Court explained that "the words 'substantial' and 'grave,' as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard." *Id.* at 41, 111 *S.Ct.* at 329, 112 *L.Ed.*2d at 342. Although the Court disapproves of equating the reasonable-doubt standard with "moral certainty," an instruction that makes the equation will not violate due process if the charge also emphasizes that the jurors must base their conclusion on the evidence. *Victor, supra,* 511 *U.S.* at ——–——, 114 *S.Ct.* at 1248–49, 127 *L.Ed.*2d at 596–97.

■ Because "the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof," *id.* at ——, 114 *S.Ct.* at 1243, 127 *L. Ed.*2d at 590, reasonable-doubt instructions must be considered in

their entirety. *See State v. Marshall,* 123 *N.J.* 1, 135, 586 *A.*2d 85 (1991); *State v. Wilbely,* 63 *N.J.* 420, 422, 307 *A.*2d 608 (1973); *State v. Malia,* 287 *N.J.Super.* 198, 206, 670 *A.*2d 1075 (App.Div. 1996); *State v. Hudson,* 286 *N.J.Super.* 149, 153, 668 *A.*2d 457 (App.Div.1995). Only those instructions that overall lessen the State's burden of proof violate due process.

### B.

█ Medina contends that the instruction improperly diminished the State's burden of proof. When explaining reasonable doubt to the jury, the trial court stated: *"when we talk about a reasonable doubt we mean doubt from which a reason can be given,* a doubt which arises from a fair and rational consideration of the evidence or perhaps the lack of evidence, it means a doubt as would cause a man of ordinary prudence to pause or hesitate when called upon to act in the most important aspects of life." This portion of the charge was incorrect. It erroneously implies that the jury must find an articulable reason to support its doubts about the State's case. See *State v. Vaszorich,* 13 *N.J.* 99, 115, 98 *A.*2d 299 (1953) (holding that the statement contained in a juror pamphlet that "a reasonable doubt is one for which, should he be called upon, a juror can give a reason," was "obviously erroneous under our law"). Jurors may harbor a valid reasonable doubt even if they cannot explain the reason for the doubt.

In *State v. Hudson, supra,* the Appellate Division disapproved of a similar definition of reasonable doubt as a "doubt for which a reason can be given." The court wrote "that a reasonable doubt may be one that defies the jury's ability to express or articulate the reasons for it." *Id.* at 153, 668 *A.*2d 457. The court found, however, that the instruction by itself did not violate due process. Examining the charge as a whole, the Appellate Division concluded that the "overwhelming tenor" of the disputed instruction was to convey to the jury the State's responsibility to prove the defendant's guilt beyond a reasonable doubt. *Ibid.*

Similarly, in *State v. Biegenwald, supra,* we held as inadequate an equation of reasonable doubt with "a doubt based on reason, reasoning processes," but did not find a violation of due process. The instruction provided an alternative definition of reasonable doubt as an "honest and reasonable uncertainty as to the guilt of the defendant which exists in your minds after you have given full and impartial consideration to all of the evidence in the case." *Id.* at 42–43, 524 *A.*2d 130. This alternative definition, when viewed in the charge as a whole, properly informed the jury of the prosecution's burden. *Id.* at 43, 524 *A.*2d 130.

■ Here, immediately following the offending clause, the trial court provided an alternative definition of reasonable doubt: "a doubt which arises from a fair and rational consideration of the evidence or perhaps the lack of evidence, it means a doubt as would cause a man of ordinary prudence to pause or hesitate when called upon to act in the most important aspects of life." This clause more accurately describes the State's burden. It leads us to believe that the offending language was unlikely to have lessened the State's burden of proof in the eyes of the jury. *See Victor, supra,* 511 *U.S.* at ——, 114 *S.Ct.* at 1249–50, 127 *L. Ed.*2d at 599 (holding potential prejudice caused by equating reasonable doubt with a "substantial doubt" mitigated by providing an alternate definition of reasonable doubt as "a doubt that would cause a reasonable person to hesitate to act").

■ Defendant next alleges error in the part of the charge that excludes from reasonable doubt "a doubt that ignores a reasonable interpretation of the evidence." We disagree. Jurors need not convict just because the State presents a "reasonable interpretation of the evidence." They may accept or reject such a proffer. Reasonable doubt can arise even when the State presents a "reasonable interpretation of the evidence."

In *State v. Purnell, supra,* 126 *N.J.* at 543–44, 601 *A.*2d 175, we sustained a definition of reasonable doubt that cautioned jurors against viewing skeptically the State's evidence or "ignoring" an interpretation of the evidence that might favor the State. Viewing

the charge as a whole, we held that it did not impermissibly lower the State's burden of proof. *Ibid.*; *see also State v. Bogus,* 223 *N.J.Super.* 409, 430–31, 538 *A.*2d 1278 (App.Div.), *certif. denied,* 111 *N.J.* 567, 546 *A.*2d 497 (1988) (upholding a jury charge that excluded from reasonable doubt "a doubt which ignores a reasonable interpretation of the evidence"). Likewise here, the trial court emphasized that Medina was presumed innocent, that the jury should give him the benefit of a reasonable doubt, that it should consider all of the evidence, and that the State's burden was to prove guilt beyond a reasonable doubt. Reviewing the charge as a whole, we conclude that the challenged comment did not impermissibly diminish the State's burden of proof.

Medina's third allegation of error concerns the trial court's statement: "While it is your duty to give the defendant the benefit of every reasonable doubt, *you do not search for doubt, you search for truth.* And you give the defendant the benefit of a reasonable doubt if it arises in your minds after you have carefully considered all the evidence in the case." The emphasized clause is wrong. Telling the jurors not to "search for doubt" improperly eases the State's burden. Indeed, in determining whether the State has met its burden, the jury's duty is to scrutinize the evidence and search for doubt.

The charge, however, does not constitute plain error. In *Purnell, supra,* we examined a nearly identical clause and concluded:

> While telling jurors "to search for truth," the court, in the same sentence, told them "to give the defendant the benefit of a reasonable doubt, if it arises in your mind, after you have considered all of the evidence in the case." In addition, the court correctly charged the jury on the presumption of innocence and on the State's burden of proof. Furthermore, the State's burden of proving each element of each offense beyond a reasonable doubt was restated without qualification in the context of the separate instructions concerning the various charges in the indictment, so that "[t]he concept of the State's burden to prove guilt beyond a reasonable doubt permeates the trial court's jury charge."
>
> [*Id.* at 544, 601 *A.*2d 175 (citation omitted) ].

We are similarly unpersuaded here that the jury was confused about the nature of the State's burden of proof.

■■■ Medina's final allegation of error concerns the trial court's statement that the presumption of innocence "does not fade or extinguish until *twelve of you agree that he is guilty of something.*" The misleading nature of this comment is self-evident. The State's burden is to prove beyond a reasonable doubt each element of an offense. A jury should find a defendant guilty not in the abstract, but only of specific offenses. In a multi-count indictment, moreover, a jury finding that the defendant is "guilty of something" does not strip the defendant of the presumption of innocence on the remaining charges.

■■■ Again, however, we believe that this statement does not constitute plain error. Immediately after delivering the offending clause, the court provided a more accurate explanation of the State's burden of proof: "And in order for you to be persuaded of that the State must meet its burden of proof. And it's the State's burden of proof to prove to you every element of each offense beyond a reasonable doubt." In addition, the court restated in the context of separate instructions concerning the various charges, the State's burden of providing each element of each offense beyond a reasonable doubt. Read as a whole, the instruction made clear that the jury was to hold the State to its burden of proof for each offense.

The jury's verdict confirms this conclusion. Although finding Medina guilty on three counts, the jury acquitted him on two other counts. That finding indicates that the jury did not relieve the State of its burden of proof after first finding that Medina was at least "guilty of something."

Although some parts of the charge were incorrect, when read in its entirety, the charge does not violate due process. The court adequately explained that Medina was innocent until proven guilty and that the State must prove his guilt beyond a reasonable doubt. It told the jury that a reasonable doubt was "that which arises

from a fair and rational consideration of the evidence or perhaps from the lack of evidence." Despite the regrettable errors, the charge did not so infect the instruction as to lower the State's burden of proof. In so concluding, we admonish trial courts, however, not to repeat the offending clauses in the future.

## II.

### *State v. Farmer*

#### A.

Defendant, Edward Farmer, age 62, lived with Theresa Chapman and her twelve-year-old son, George. On October 5, 1990, neighbors heard Farmer and Chapman arguing in their home. A loud "boom" from Farmer's dining room punctuated the fight. Farmer then asked two neighbors to call an ambulance. On entering Farmer's residence, one neighbor found Chapman lying on the floor in a pool of blood. The neighbor called for an ambulance.

Carrying a bag, Farmer ran to another neighbor's home and placed a shotgun on the porch. Farmer told his neighbors that he had "shot T.C. and she was laying on the kitchen floor." Farmer then placed a shotgun under a car in the parking lot of an apartment complex across the street from his home.

Emergency medical personnel declared Chapman dead at the scene. The spent shell found near Chapman's head matched the shotgun recovered from the parking lot. A short time later the police apprehended defendant, who was carrying a live shotgun shell in his left front pocket. During questioning, Farmer told investigators that he had only one thing to say: he had "kissed a set of dying lips."

A Camden County grand jury indicted defendant on six counts: murder, in violation of *N.J.S.A.* 2C:11–3a(1) and (2) (count one); possession of a firearm for an unlawful purpose in violation of *N.J.S.A.* 2C:39–4a (count two); possession of a shotgun without a permit, in violation of *N.J.S.A.* 2C:39–5c(1) (count three); hinder-

ing apprehension or prosecution, in violation of *N.J.S.A.* 2C:29–3b(1) (count four); tampering with witnesses, in violation of *N.J.S.A.* 2C:28–5a(2) (count five); possession of a shotgun by a person previously convicted, in violation of *N.J.S.A.* 2C:39–7 (count six). The State subsequently dismissed counts five and six and defendant proceeded to trial on the remaining four counts.

### Concerning the State's burden of proof, the trial court charged:

The finding of an indictment by a Grand Jury is not evidence of the guilt of an accused and in this case is not to be taken by you as such. This defendant, like all defendants in criminal cases, is presumed to be innocent until proven guilty beyond a reasonable doubt.

That presumption continues throughout the trial of this case and even during your deliberations and unless and until you have determined that the State has proven his guilt beyond a reasonable doubt.

The burden of proof of the guilt of the defendant is on the State and it never shifts. It remains on the State throughout the whole trial of the case. No burden with respect to proof is imposed on the defendant.

He is not obligated to prove his innocence or produce witnesses. Unless the State has proven the crime charged in each of its elements beyond a reasonable doubt, the defendant is entitled to an acquittal.

Now, ladies and gentlemen, what I have just told you is very important because what it is, the State must prove the elements of the offense beyond a reasonable doubt, that is what they must prove and as I charge you on the law of the offense I will point out to you what the elements are and that is what the State must prove beyond a reasonable doubt. Only the elements.

Now, the term "reasonable doubt" means a doubt based upon reason and common sense. *It is a doubt for which a reason can be given arising from a fair and rational consideration of the evidence or a want of evidence.*

It means such a doubt as would cause a man of ordinary prudence to pause or hesitate when called upon to act in the most important affairs of life. A reasonable doubt is not a doubt that is merely fanciful or speculative such as a skeptical mind might suggest.

*A doubt that ignores a reasonable interpretation of the evidence* or which arises merely from sympathy or from a fear to return a verdict of guilt *is not a reasonable doubt.*

A reasonable doubt is not merely a doubt such as may be conjured up in the mind of one desiring to escape the responsibility of a decision.

*While it is your duty to give the defendant the benefit of every reasonable doubt, you are not to search for doubt. You are to search for the truth* and give the defendant the benefit of a reasonable doubt if it arises in your minds after you have carefully considered all of the evidence in the case.

> Reasonable doubt is not a mere possible or imaginary doubt. Because as we all know, everything relating to human affairs or dependent upon oral evidence is open to some possible or imaginary doubt.
>
> A reasonable doubt is an honest and reasonable uncertainty as to the guilt of the defendant existing in your minds after you have given full and impartial consideration to all of the evidence.
>
> It may arise from the evidence itself or from a lack of evidence. [emphasis added].

Farmer's counsel objected to this instruction. He argued that the charge should include an instruction that circumstantial evidence could also support a verdict of not guilty and that the court should instruct the jury that the State's burden of proof extended beyond the elements of the crime to the underlying facts. The trial court responded that the charge adequately explained both parts of the burden.

Defense counsel also objected that the instruction defined "reasonable doubt" in terms of what it was not, and gave "precious little guidance" about what the term means. The trial court believed that its instruction was adequate, but gave the supplemental instruction:

> Okay, ladies and gentlemen, just one or two things.
>
> I want you to understand that in determining whether or not the burden of proof has been met, as I said to you, that can be found by the evidence or a lack of evidence and that is one of the things that I went through with you and that may be either direct or circumstantial evidence, however you consider it.
>
> That is, the same standards apply.

The jury found Farmer guilty of all four counts. The court sentenced him to life imprisonment with a thirty-year parole disqualifier. The Appellate Division affirmed. We granted Farmer's petition for certification, 140 *N.J.* 275, 658 *A.*2d 299 (1995).

### B.

The challenged language is substantially identical to the language in the charge in *State v. Medina.* As in *Medina,* we hold that the charge, as a whole, did not violate Farmer's rights to a fair trial and due process. Read in its entirety, the instruction properly explained the State's burden of proof. We repeat, how-

ever, that the instructions should not define reasonable doubt as "a doubt for which a reason can be given"; exclude from reasonable doubt "a doubt that ignores a reasonable interpretation of the evidence"; or direct jurors to "search for truth" and avoid "search[ing] for doubt."

The court properly charged the jury on the State's burden of proof and Farmer's presumption of innocence. It stressed that "[t]he burden of proof of the guilt of the defendant is on the State and it never shifts." The court instructed that "[n]o burden of proof is imposed on the defendant." Further, the court instructed that the defendant is neither "obligated to prove his innocence nor produce witnesses." It emphasized that the State must prove Farmer's guilt beyond a reasonable doubt. The court repeated this standard when explaining each of the four counts. In all, the court informed the jury twenty-one times that the prosecution must prove Farmer's guilt beyond a reasonable doubt.

The court rehabilitated its charge on reasonable doubt by adding:

> A reasonable doubt is an honest and reasonable uncertainty as to the guilt of the defendant existing in your minds after you have given full and impartial consideration to all of the evidence.
>
> It may arise from the evidence itself or from a lack of evidence.

On balance, the instruction passes muster.

## III.

Our affirmance of these convictions should not be construed as approval of language that misstates or dilutes the State's burden to prove guilt beyond a reasonable doubt. As we warned in *Biegenwald* and *Purnell*, trial courts should not use any charge that has a "tendency to 'understate[ ],' or 'trivialize the awesome duty of the jury to determine whether the defendant's guilt was proved beyond a reasonable doubt.'" That proposition, so basic to criminal law, vexes in its simplicity. Words bind courts in the attempt to explain reasonable doubt. Both the Federal Judicial Center and our Committee on Model Jury Charges, Criminal,

have proffered explanations. The Federal Judicial Center suggests:

> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty. Federal Judicial Center, Pattern Criminal Jury Instructions 17–18 (1987) (instruction 21).

By comparison, our Committee proposes:

> The defendant on trial is presumed to be innocent and unless each and every essential element of an offense charged is proved beyond a reasonable doubt, the defendant must be found not guilty of that charge.

> The burden of proving each element of a charge beyond a reasonable doubt rests upon the State and that burden never shifts to the defendant. The defendant in a criminal case has no obligation or duty to prove his/her innocence or offer any proof relating to his/her innocence.

> Reasonable doubt is not a mere possible or imaginary doubt, because everything relating to human affairs is open to some possible or imaginary doubt.

> A reasonable doubt is an honest and reasonable uncertainty as to the guilt of the defendant existing in your minds after you have given full and impartial consideration to all of the evidence. It may arise from the evidence itself or from a lack of evidence.

Beneath each charge is the concern that courts should instruct juries so that they neither convict the innocent nor acquit the guilty. *See* Jon O. Newman, *Beyond Reasonable Doubt*, 68 N.Y.U. L.Rev. 979, 980 (1993). Mindful of the difficulty of explaining reasonable doubt, we believe that the following charge, a blend of the charges proposed by our Committee and the Federal Judicial Center, provides a serviceable definition.

 To avoid problems in the future, we instruct trial courts when explaining reasonable doubt to charge the jury that "the prosecution must prove its case by more than a mere preponderance of the evidence, yet not necessarily to an absolute certainty." *Victor, supra,* 511 *U.S.* at ——, 114 *S.Ct.* at 1253, 127 *L.Ed.*2d at 603 (Ginsburg, J., concurring in part and concurring in the judg-

ment). Accordingly, we adopt the following definition of reasonable doubt:

> The government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is necessary to prove only that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.

> A reasonable doubt is an honest and reasonable uncertainty in your minds about the guilt of the defendant after you have given full and impartial consideration to all of the evidence. A reasonable doubt may arise from the evidence itself or from a lack of evidence. It is a doubt that a reasonable person hearing the same evidence would have.

> Proof beyond a reasonable doubt is proof, for example, that leaves you firmly convinced of the defendant's guilt. In this world, we know very few things with absolute certainty. In criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you are not firmly convinced of defendant's guilt, you must give defendant the benefit of the doubt and find him not guilty.

 We believe the trial courts will better serve the interest of justice if they do not attempt additional definitions of "reasonable doubt." Consequently we direct trial courts not to deviate from the definition contained in this opinion. The failure to adhere to the definition, over an objection, runs the risk of reversible error.

The judgments of the Appellate Division are affirmed.

*For affirmance*—Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—6.

*Opposed*—None.