STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
JAMES WILBELY, DEFENDANT-RESPONDENT.

Argued May 21, 1973—Decided July 12, 1973.

*Mr. Gary H. Schlyen,* Assistant Prosecutor, argued the
cause for Appellant (*Mr. Joseph D. J. Gourley,* Passaic
County Prosecutor, attorney).

*Mr. John H. Ratliff,* Assistant Deputy Public Defender, argued the cause for respondent (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

PER CURIAM. Defendant was found guilty by a jury of unlawfully entering a store in Paterson with intent to steal, in violation of *N. J. S. A.* 2A:94–1. On appeal, the Appellate Division reversed the conviction on the ground that the trial judge committed "plain error" in his charge to the jury. 122 *N. J. Super.* 463 (1973). We grant the State's petition for certification to review the decision of the Appellate Division.

The proofs offered by the State showed that at about 12:40 A.M. on July 16, 1971 police officers were dispatched to investigate a reported break-in at a store. When they arrived they noticed that the entrance door was ajar and a single light was on inside. They testified they saw defendant and another black male inside the store. As the officers alighted from their patrol car and approached the store the two men ran out through the door in an attempt to flee but were apprehended by the police. An examination of the door revealed that the doorjamb had been splintered and the lock was broken. Defendant denied his guilt of the charge. He said he noticed a light inside the store and that the door was open. He claimed he intended to purchase cigarettes and was in the outside "vestibule" when the police arrived. (The door is recessed about three or four feet from the front of the building.) He said he heard a shot and ran down the street where he was stopped by the police.

In his charge the judge, in defining unlawful entering, told the jury that, "an entry is accomplished if any part of the body, and [*sic*] arm, a finger or a foot, or even an instrument was inserted into the building or space."

The Appellate Division held that by including the words "or space" in the charge the judge erroneously enlarged the proscription of the statute to include the vestibule. It concluded the jury might have understood that defendant's

presence in the vestibule constituted an unlawful entering and thus warranted a conviction on his own testimony.

■ This court has repeatedly held that portions of a charge alleged to be erroneous cannot be dealt with in isolation but the charge should be examined as a whole to determine its overall effect. *State v. Council,* 49 *N. J.* 341 (1967) and see *State v. Hale,* 45 *N. J.* 255, 263–265 (1965).

■ We have read the entire charge and do not agree with the conclusion reached by the Appellate Division. The record indicates that no contention was made during the trial that entry into the vestibule rather than the interior of the building constituted an unlawful entry. The trial judge clearly instructed the jury that the State had the burden of proving beyond a reasonable doubt that defendant had unlawfully entered the interior of the store with an intent to steal.

The definition of unlawful entry in the charge was substantially in accord with that expressed in *State v. O'Leary,* 31 *N. J. Super.* 411, 416 (App. Div. 1954), which has been consistently accepted by the courts of this State and other jurisdictions. 2 *Anderson, Wharton's Criminal Law and Procedure,* § 421, *p.* 43 (1957). We are convinced from a reading of the charge that the words "or space" in the definition of unlawful entry did not refer to the vestibule or exterior passageway which led to the store entrance. In light of the evidence presented in this case it is more logical to view the words as referring to an opening into the interior of the building. We are satisfied that the jury was not misled.

Moreover, the appellate court's interpretation of the words was not advanced by defendant at the trial and no objection was interposed to the charge. The failure to object points up the fact that experienced counsel did not consider that the use of the words detracted from the clear meaning which the charge as a whole conveyed. See *State v. Hale, supra,* 45 *N. J.* at 264 and *State v. Macon,* 57 *N. J.* 325, 333 (1971). We therefore find no basis for plain error.

The judgment of the Appellate Division is reversed and the judgment of conviction is reinstated.

*For reversal*—Chief Justice WEINTRAUB, Justices JACOBS, PROCTOR, MOUNTAIN and SULLIVAN, and Judges CONFORD and COLLESTER—7.

*For affirmance*—None.