204 N.J. Super. 283 (1985)
498 A.2d 784
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROSEMARY KELLY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 24, 1985.
Decided October 8, 1985.
*285 Before Judges PRESSLER, DREIER and BILDER.
Thomas S. Smith, Acting Public Defender, attorney for appellant (Anthony J. Riposta, Designated Counsel, of counsel and on the letter-brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent (Cathy R. LeBeau, Deputy Attorney General, of counsel and on the letter-brief).
The opinion of the court was delivered by BILDER, J.A.D.
Following a two-day jury trial, defendant Rosemary Kelly was convicted of theft by failure to make required disposition of property received, N.J.S.A. 2C:20-9, a form of misappropriation of property. She was placed on probation for three years, ordered to make full restitution to her former employer, fined $250 and assessed a $25 penalty pursuant to the Violent Crimes Compensation Act. On appeal she contends the trial court improperly charged the jury with respect to the requisite elements of the offense and erred in denying her motion for acquittal at the conclusion of the State's case.
Defendant was employed by Wells National Services Corporation, a company engaged in the business of renting televisions to hospital patients. On Wells' behalf, she visited patients and collected payment from those who were interested in television rental. In accordance with Wells' procedure, defendant was required to collect money on a daily basis and to complete a daily worksheet report. Defendant was then required to purchase a money order on a daily basis from the amount of cash collected from the patients, and to mail that money order to New York with patient checks and the daily worksheet. A copy of the daily worksheet was to be filed in a storage area at the hospital, along with a copy of the money order receipts.
It was the State's contention that Ms. Kelly collected $1,291.80 during July and August 1982 which she failed to *286 transmit to Wells. Defendant acknowledged that she had been lax in following Wells' procedures but contended that all moneys had been forwarded to them, albeit late. Thus, for example, she said she accumulated some $1,750 in cash receipts and personal checks between July 20 and August 16 which she kept at home and sent to Wells on the latter date. The State's charges related to some six days receipts which Wells claimed were unaccounted for; defendant claimed they were sent in. Defendant contended she had placed the money order receipts and a copy of the daily worksheets for the days in question in the hospital storage area, a location she alleged to be unsafe; her purse had once been stolen from there.
N.J.S.A. 2C:20-9 provides in pertinent part as follows:
A person who purposely obtains or retains property upon agreement or subject to a known legal obligation to make specified payment or other disposition ... is guilty of theft if he deals with the property obtained as his own and fails to make the required payment or disposition.
The judge charged the jury as follows:
[T]he defendant in this Indictment is charged with committing the offense of theft by failure to make required disposition of property received in violation of New Jersey Statute 2C:20-9. A person is guilty of this offense if she deals with the property in question as her own after obtaining or retaining the property under some form of agreement or subject to a known legal obligation as to the property. The agreement or obligation may be to make specified payments or other disposition of the property. The payments or other disposition may be from the property itself. If you find that the defendant dealt with the property and failed to make the required payments, then you must find the defendant guilty of this form of theft. This is true, even though it may be impossible to identify the particular property as belonging to the victim at the time of the defendant's failure to make the required payment or disposition because the victim's property was mixed with or joined with other property. The State, therefore, must prove beyond a reasonable doubt each of the following three elements of this crime. First, the State must prove that the defendant obtained or retained the property in question under some form of agreement or subject to a nonlegal obligation to make a specified payment or some other disposition. Second, the State must prove that the defendant dealt with the property as though it were her own and failed to make the required payments or other disposition of the crime [sic] according to the agreement or her legal obligation. To be guilty of this offense the defendant may either have actually taken the property for her own use or may have failed to make the required payments or other disposition. Third, the State must prove that the defendant purposely obtained or retained the property and failed to make the required payments or other disposition.
*287 In order to find a person guilty of theft by failure to make required disposition of property received, the State is required to prove beyond a reasonable doubt that the defendant (1) purposely obtained or retained property upon agreement or subject to a known legal obligation to make specified payment or other disposition, (2) dealt with the property obtained as his own and (3) failed to make the required payment or disposition. The charge given by the trial judge was fatally deficient in its failure to properly instruct the jury as to the second element  the need to show the defendant dealt with the receipts as her own.
In the charge given, this element was referred to twice. The first time the judge said "If you find that the defendant dealt with the property and failed to make the required payments, then you must find the defendant guilty of this form of theft." This is a misstatement of the law and would expand the offense to negligent and careless conduct by individuals who never dealt with the property as their own. Later the judge properly advised the jury that "the State must prove that the defendant dealt with the property as though it were her own and failed to make the required payments or other disposition of the crime [sic] according to the agreement or her legal obligation." However, immediately thereafter, he said "To be guilty of this offense the defendant may either have actually taken the property for her own use or may have failed to make the required payments or other disposition." [Emphasis supplied.] This was a repeat of the earlier misstatement of the law and reinforced the erroneous concept that the State need not show the defendant used the missing funds as her own. N.J.S.A. 2C:20-9 creates such absolute liability but limits it to officers and employees of the government or financial institutions. See New Jersey Criminal Law Revision Commission, II Final Report, Commentary to § 2C:20-9 at 236 (1971). In addition to setting forth the elements of the offense as earlier noted, N.J.S.A. 2C:20-9 creates a presumption of misuse:

*288 ... An officer or employee of the government or of a financial institution is presumed: ... (b) to have dealt with the property as his own if he fails to pay or account upon lawful demand, or if an audit reveals a shortage or falsification of accounts.
Viewing the instruction as a whole, as we are required to do, see State v. Wilbely, 63 N.J. 420, 422 (1973), we cannot say the charge properly set forth the controlling legal principles. See State v. Coruzzi, 189 N.J. Super. 273, 312 (App.Div. 1983), certif. den. 94 N.J. 531 (1983). The failure to submit this crucial factual issue to the jury necessarily resulted in a manifest denial of justice and requires reversal. Id.
Defendant's remaining contention is without merit. R. 2:11-3(e)(2). While the proofs were equivocal, they permitted an inference beyond a reasonable doubt that defendant was "borrowing" the money for her own use and were sufficient to withstand a motion for acquittal. See R. 3:18-1; State v. Reyes, 50 N.J. 454, 458-459 (1967).
Reversed and remanded for a new trial.