NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3824-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

XZAVIER D. HAYES a/k/a
DWAYNE HAYES,

 Defendant-Appellant.
_______________________________

 Submitted July 18, 2017 – Decided July 25, 2017

 Before Judges Reisner and Suter.

 On appeal from Superior Court of New Jersey,
 Law Division, Hudson County, Indictment No.
 15-03-0309.

 James R. Lisa, attorney for appellant.

 Esther Suarez, Hudson County Prosecutor,
 attorney for respondent (Erin M. Campbell,
 Assistant Prosecutor, on the brief).

PER CURIAM

 Defendant Xzavier Hayes appeals his March 9, 2016 judgment

of conviction. We affirm.
 I.

 On January 10, 2013, Officer Lowry (Lowry) and his partner

were on patrol in plain clothes in an unmarked vehicle in the

vicinity of Martin Luther King and Bayview Avenues in Jersey City.

Lowry received a phone call from another officer, who advised

based on information from a confidential informant that an

individual located on the corner in front of a specific address

"possibly had a brick of heroin" in his jacket pocket. Lowry was

provided a description of the individual. Lowry and his partner

drove to the address, which was just around the block, and saw a

person matching the description standing on the corner. The police

officers exited their vehicle with badges exposed and walked toward

the individual, who had his back turned. Once he turned to see

them, he discarded two small white objects to the ground. The

objects were consistent with the size and shape of packaged heroin.

The officers advised defendant of their investigation and, after

confirming the packets were heroin, placed defendant under arrest.

A search of defendant after arrest revealed he was carrying sixty-

nine packets of heroin and $148 in cash.

 Prior to trial, defendant sought to suppress this evidence,

contending the officers had no reasonable articulable suspicion

to conduct an investigatory detention. The suppression motion was

denied. The motion judge found Lowry "received information from

 2 A-3824-15T3
a [confidential informant] who had been reliable in the past in

similar situations," and that the information was "corroborated

by the officers' own observations" when the officers saw defendant,

who matched the description they were given, and defendant dropped

the white packets. This gave the officers "a sufficient basis to

believe a crime had been committed," according to the motion judge,

who concluded the officers had probable cause for the arrest and

that the evidence was lawfully seized incident to defendant's

arrest.

 The case was tried before a jury. Defendant was convicted

of third-degree possession of a controlled dangerous substance

(CDS), N.J.S.A. 2C:35–10(a)(1) (Count One); third-degree

possession of a CDS with intent to distribute, N.J.S.A. 2C:35–

5(a)(1) and N.J.S.A. 2C:35-5(b)(13) (Count Two); third-degree

possession of a CDS with intent to distribute within 1000 feet of

school property, N.J.S.A. 2C:35–7(a) (Count Three); and second-

degree possession of a CDS with intent to distribute within 500

feet of certain public property, N.J.S.A. 2C:35–7.1(a) (Count

Four).

 On March 9, 2016, defendant was sentenced on Count Four to a

ten-year term of incarceration with five years of parole

ineligibility. The other three counts were merged into Count

Four.

 3 A-3824-15T3
 On appeal, defendant raises these issues:

 POINT I. THE EVIDENCE SEIZED SHOULD HAVE BEEN
 SUPPRESSED BECAUSE OFFICER LOWRY LACKED
 SUFFICIENT REASONABLE SUSPICION NECESSARY TO
 CONDUCT AN INVESTIGATORY STOP.

 POINT II. THE JURY INSTRUCTIONS, AS WELL AS
 STATEMENTS MADE BY THE STATE DURING CLOSING
 ARGUMENTS, ERRONEOUSLY INDICATED THAT HAYES
 COULD BE FOUND GUILTY OF INTENT TO DISTRIBUTE
 DUE TO SHARING. (NOT RAISED BELOW)

 POINT III. THE TRIAL COURT COMMITTED
 REVERSIBLE ERROR IN DENYING DEFENSE'S REYES
 MOTION TO DISMISS THE CHARGES OF POSSESSION
 OF A DANGEROUS SUBSTANCE WITH INTENT TO
 DISTRIBUTE, POSSESSION OF A DANGEROUS
 SUBSTANCE WITH INTENT TO DISTRIBUTE WITHIN
 1000 FEET OF SCHOOL PROPERTY, AND POSSESSION
 OF A DANGEROUS SUBSTANCE WITH INTENT TO
 DISTRIBUTE WITHIN 500 FEET OF A PUBLIC PARK.

 POINT IV. THE TRIAL COURT COMMITTED
 REVERSIBLE ERROR IN DENYING THE DEFENSE'S
 MOTION FOR A MISTRIAL.

 II.

 Defendant appeals the trial court's order denying his

suppression motion. We defer to the trial court's factual findings

on a motion to suppress unless they were "clearly mistaken" such

that appellate intervention is necessary "in the interests of

justice." State v. Elders, 192 N.J. 224, 244 (2007) (internal

quotation marks and citation omitted). Our review of "purely

legal conclusions" is plenary. State v. Goodman, 415 N.J. Super.

 4 A-3824-15T3
210, 225 (App. Div. 2010) (citation omitted), certif. denied, 205

N.J. 78 (2011).

 There is no merit to defendant's contention that the motion

judge erred in rejecting the motion to suppress. There was no

investigatory detention.1 The officers stepped out of their

vehicle and began to walk toward defendant, who initially had his

back turned. When defendant turned toward the police, he dropped

the packets. Once he did that, and the officers recognized the

packets were the size and shape of packed heroin, the officers had

probable cause to arrest defendant based on their observations.

See State v. Basil, 202 N.J. 570, 585 (2010) ("[A] police officer

has probable cause to arrest a suspect when the officer possesses

'a well grounded suspicion that a crime has been or is being

committed." (quoting State v. Sullivan, 169 N.J. 204, 211 (2001))).

Defendant was arrested and searched.

1
 Sometimes referred to as a Terry stop, Terry v. Ohio, 392 U.S.
1, 21, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889, 906 (1968), an
investigatory detention does not require a warrant if it is based
on "specific and articulable facts which, taken together with
rational inferences from those facts," provide a "reasonable
suspicion of criminal activity." Elders, supra, 192 N.J. at 247
(quoting State v. Rodriquez, 172 N.J. 117, 126 (2002)). An
investigatory detention is considered more intrusive than a field
inquiry and does implicate constitutional requirements. Id. at
246-47. See also State v. Rosario, __ N.J. __ (2017).

 5 A-3824-15T3
 A search incident to arrest does not require a warrant.

Chimel v. California, 395 U.S. 752, 762-63, 89 S. Ct. 2034, 2040,

23 L. Ed. 2d 685, 694 (1969) (allowing a warrantless search of a

person and what that individual might be able to reach after an

arrest); see also United States v. Robinson, 414 U.S. 218, 234,

94 S. Ct. 467, 476, 38 L. Ed. 2d 427, 439-40 (1973) (noting that

justifications for a search incident to arrest include "the need

to disarm the suspect" and "to preserve evidence for later use at

trial"). Thus, there was no error by the motion judge in denying

defendant's motion to suppress because the drugs were discovered

pursuant to a search incident to arrest that was based upon

probable cause.

 III.

 The primary issue at trial was whether defendant possessed

the drugs with an intent to distribute them. Defendant testified

he sometimes shared heroin with friends.

 PROSECUTOR: You had all 69 bags of heroin
 there for yourself, is that correct?

 DEFENDANT: Yes, and sometimes I might look
 out for a friend of mine if they ask.

 PROSECUTOR: So sometimes you would sell
 heroin?

 DEFENDANT: No, I said sometime I might look
 out for a friend of mine. Share.

 6 A-3824-15T3
 PROSECUTOR: So you would share. You would
 give him the heroin?

 DEFENDANT: No, I would share them him [sic].
 I sniff half of the bag, and they sniff half
 of the bag.

 PROSECUTOR: Okay. You -- so you would share
 the heroin, right?

 DEFENDANT: Sometimes.

 In his summation, the prosecutor suggested the facts

supported "distribution" if defendant shared heroin with a friend,

commenting "[t]he defendant himself admitted to committing the

offense." The court instructed the jury that to distribute means

"the transfer, actual, constructive or attempted from one person

to another of a controlled dangerous substance." The court defined

intent as "a purpose to do something" but that it was "not

necessary that the drugs be transferred in exchange for payment

or promise of payment of money or anything of value." Defendant

did not object to the summation or the judge's instruction.

Defendant contends on appeal that he could not be found guilty of

intent to distribute just because he shared drugs.

 We review this issue under a plain error standard, meaning

that our inquiry is to determine whether this was an error that

was "clearly capable of producing an unjust result." R. 2:10-2;

see State v. Macon, 57 N.J. 325, 336 (1971). Under that standard,

reversal of defendant's conviction is required if there was error

 7 A-3824-15T3
"sufficient to raise a reasonable doubt as to whether [it] led the

jury to a result it otherwise might not have reached." State v.

Green, 447 N.J. Super. 317, 325 (App. Div. 2016) (quoting Macon,

supra, 57 N.J. at 336).

 In reviewing the adequacy of the judge's charge to the jury,

we must consider the charge as a whole in determining whether it

was prejudicial. See State v. Wilbely, 63 N.J. 420, 422 (1973)

(internal citations omitted).

 There was nothing prejudicial about the judge's charge to the

jury. It tracked the model charge for distribution of a CDS2 and

was consistent with our decision in State v. Heitzman, 209 N.J.

Super. 617, 620 (App. Div. 1986) (concluding there "was a

sufficient factual basis" to sustain conviction of possession with

intent to distribute where defendant admitted an intent to share

drugs), certif. denied, 107 N.J. 603 (1987). See Mogull v. CB

Commercial Real Estate Grp., Inc., 162 N.J. 449, 466 (2000) (holding

that instructions given in accordance with model charges, or which

closely track model charges, are generally not considered erroneous).

Similarly, the prosecutor did not commit plain error in commenting

on distribution in his summation because of defendant's testimony

that he shared drugs with friends, and that such conduct came

2
 See Model Jury Charge (Criminal), "Distribution of a Controlled
Dangerous Substance" (2008).

 8 A-3824-15T3
within the definition of distribution. The jury was capable of

determining whether to believe defendant's version about personal

use or, given the quantity of the drugs and past sharing, that his

intent was distribution.

 III.

 The State relied upon a map of Jersey City to show the

location of defendant's arrest relative to a public library. After

the State rested without introducing a copy of the ordinance that

had adopted the map, defendant moved to dismiss Counts Two, Three

and Four of the indictment. On appeal, defendant contends the

trial court erred in granting the State's request to admit the

ordinance as evidence, after it rested.

 "[I]n reviewing a trial court's evidential ruling, an

appellate court is limited to examining the decision for abuse of

discretion." Hisenaj v. Kuehner, 194 N.J. 6, 12 (2008) (citing

Brenman v. Demello, 191 N.J. 18, 31 (2002)). The general rule as

to the admission or exclusion of evidence is that "[c]onsiderable

latitude is afforded a trial court in determining whether to admit

evidence, and that determination will be reversed only if it

constitutes an abuse of discretion." State v. Feaster, 156 N.J.

1, 82 (1998) (internal citations omitted), cert. denied, 532 U.S.

932, 121 S. Ct. 1380, 149 L. Ed. 2d 306 (2001); see also State v.

J.A.C., 210 N.J. 281, 295 (2012) (internal citations omitted).

 9 A-3824-15T3
Under this standard, an appellate court should not substitute its

own judgment for that of the trial court, unless "the trial court's

ruling 'was so wide of the mark that a manifest denial of justice

resulted.'" State v. Marrero, 148 N.J. 469, 484 (1997) (quoting

State v. Kelly, 97 N.J. 178, 216 (1984)).

 Here, we agree with the court that although the State was

late in offering evidence of the ordinance, the application was

made promptly when the error was brought to the State's attention.

There is no indication the defense was prejudiced by its

introduction, aside from its attempt to capitalize on an oversight.

A trial is to be a search for the truth, see McKenney v. Jersey

City Medical Center, 167 N.J. 359, 370 (2001); Kernan v. One

Washington Park Urban Renewal Associates, 154 N.J. 437, 467 (1998)

(Pollock, J., concurring), and the court's ruling was consistent

with that objective.

 IV.

 We agree with the trial court that defendant's motion for a

mistrial was properly rejected. A "trial court's denial of [a]

defendant's motion for a mistrial [is reviewed] in accordance with

a deferential standard of review." State v. Jackson, 211 N.J.

394, 407 (2012). We "will not disturb a trial court's ruling on

a motion for a mistrial, absent an abuse of discretion that results

in a manifest injustice." Ibid. (quoting State v. Harvey, 151

 10 A-3824-15T3
N.J. 117, 205 (1997), cert. denied, 528 U.S. 1085, 120 S. Ct. 811,

145 L. Ed. 2d 683 (2000)).

 Defendant contends the court erred in denying his motion for

a mistrial because on two occasions, one of the police officer

witnesses indicated she received information about defendant from

an out-of-court witness. In the first instance, the court stopped

the officer mid-sentence, before any information was relayed. In

the second instance, where the officer testified she "saw a male

who was described to [her]," the court sustained the objection.

 We are satisfied based on our review of the record that this

brief reference was not sufficient to create reasonable doubt

about the verdict in light of the totality of the evidence. See

R. 2:10-2.

 Affirmed.

 11 A-3824-15T3