**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3226-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARIO S. LYN, a/k/a MARIL LYN
and MARIO S. LYN, JR.

    Defendant-Appellant.

_____

Submitted June 18, 2018 — Decided July 6, 2018

Before Judges Fisher and Fasciale.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Indictment No.
14-10-2609.

James S. Friedman, attorney for appellant.

Robert D. Laurino, Acting Essex County
Prosecutor, attorney for respondent (Matthew
E. Hanley, Special Deputy Attorney
General/Acting Assistant Prosecutor, of
counsel and on the brief).

PER CURIAM

    After a re-trial, defendant appeals from his convictions for

second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and

N.J.S.A. 2C:15-1(a)(2); and first-degree robbery, N.J.S.A. 2C:15-1. Although the jury found him guilty of committing these crimes, it acquitted defendant of third-degree terroristic threats, N.J.S.A. 2C:12-3(b).[1]

On appeal, defendant argues:

> POINT I
> THIS CASE SHOULD HAVE BEEN DISMISSED AT THE CONCLUSION OF THE STATE'S PRESENTATION OF EVIDENCE BECAUSE NO REASONABLE JURY COULD HAVE CONVICTED [DEFENDANT] BASED UPON THE TESTIMONY HEARD AT TRIAL (Partially Raised Below).
>
> POINT II
> THE JURY CHARGES IN THIS CASE WERE INADEQUATE BECAUSE THEY CONSISTED OF GENERIC STATEMENTS WITHOUT ANY CASE-SPECIFIC INFORMATION BASED UPON THE EVIDENCE PRESENTED AT TRIAL (Not Raised Below).
>
> POINT III
> THE TRIAL COURT'S FAILURE TO ALLOW THIS CASE TO GO TO THE JURY COUPLED WITH THE FAILURE TO PROVIDE TAILORED JURY INSTRUCTIONS RESULTED IN CUMULATIVE ERROR (Not Raised Below).

We reject these contentions and affirm.

Defendant filed his motion for acquittal of the terroristic threats charge — at the end of the State's case — under Rule 3:18-1, which states in part that "if the evidence is insufficient to warrant a conviction," the judge may enter "a judgment of

---

[1] At the first trial, where the jury was unable to reach a verdict, the State dismissed two second-degree weapons charges.

acquittal." Defendant did not move for an acquittal of the robbery-related charges.

Defendant's argument in Point I is akin to a contention that the verdict is against the weight of the evidence. Under <u>Rule</u> 2:10-1, "the issue of whether a jury verdict was against the weight of the evidence shall not be cognizable on appeal unless a motion for a new trial on that ground was made in the trial court." <u>See</u> <u>also</u> <u>R.</u> 3:20-1 (addressing the criteria for setting aside a jury verdict). Defendant's assertion in Point I is therefore not properly before us. Nevertheless, there is no basis to set aside the verdict.

There exists no basis to acquit defendant of the robbery charges, had he made such a motion. The standard on a motion for acquittal is well settled. In <u>State v. Reyes</u>, 50 N.J. 454, 458-59 (1967), our Supreme Court stated that

> the question the trial judge must determine is whether, viewing the State's evidence in its entirety, be that evidence direct or circumstantial, and giving the State the benefit of all its favorable testimony as well as all of the favorable inferences which reasonably could be drawn therefrom, a reasonable jury could find guilt of the charge beyond a reasonable doubt.

"On appeal, we [use] the same standard as the [judge] in determining whether a judgment of acquittal was warranted." <u>State v. Ellis</u>, 424 N.J. Super. 267, 273 (App. Div. 2012). There is

ample evidence for a reasonable jury to find defendant guilty of the charges beyond a reasonable doubt.

As to the conspiracy to commit robbery and the robbery charges, the victim testified that defendant and another man robbed him of his phone, jacket, and shoes, and that defendant threatened to pistol whip him. The victim identified defendant in-court and out-of-court as one of the two men, who inferentially were working together to rob him. And the co-defendant — who pled guilty and testified for the State — stated that defendant agreed to rob the victim.

Defendant argues the judge gave a flawed jury charge because he did not tailor the instructions to the facts adduced at the trial. In other words, defendant contends the judge failed to mold the jury charge. He makes this argument — particularly as to the identification instructions — for the first time on this appeal.

"Appropriate and proper charges to a jury are essential for a fair trial." State v. Green, 86 N.J. 281, 287 (1981). "Because proper jury instructions are essential to a fair trial, erroneous instructions on material points are presumed to possess the capacity to unfairly prejudice the defendant." State v. Baum, 224 N.J. 147, 159 (2016) (quoting State v. Bunch, 180 N.J. 534, 541-42 (2004)).

But — like here — where there is no objection to the jury charges, "it may be presumed that the instructions were adequate." State v. Morais, 359 N.J. Super. 123, 134-35 (App. Div. 2003). "A claim of deficiency in a jury charge to which no objection is interposed 'will not be considered unless it qualifies as plain error . . . .'" State v. R.B., 183 N.J. 308, 321-22 (2005) (quoting State v. Hock, 54 N.J. 526, 538 (1969)). In reviewing the adequacy of the judge's charge to the jury, we consider the charge as a whole in determining whether it was prejudicial. See State v. Figueroa, 190 N.J. 219, 246 (2007) (citing State v. Wilbely, 63 N.J. 420, 422 (1973)).

Here, there was nothing clearly capable of producing an unjust result from the judge's charge to the jury, which tracked the model jury charges. And as to that part of the charge dealing with identification, the judge read the in-court and out-of-court model jury charges and added the names of defendant and appropriate witnesses.

The remaining argument raised by defendant — that cumulative error requires a reversal of his convictions — lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3226-16T3